## WEAVER *v.* PAGE *et al.*

Where the second of a set of bills of exchange was presented and protested owing to the absence of the drawee, and the first of exchange arrived nine days after, and was paid together with costs of protest of the second, and two months after, suit was commenced on the protested bill; *Held*, that in an action for malicious prosecution of said suit, the question whether the plaintiffs in the suit on said bill knew that the bill was in fact paid at the time when they commenced suit, was a question for the jury.

The fact that the bill by the usual conveyance reached its destination within a month from its date, was sufficient to raise a presumption that defendants had received notice of payment in double that time.

And where the suit on the bill had been accompanied by an attachment, under which the property of the drawer had been held for four months, when it was released by giving bond; *Held*, that in an action by the drawer for the malicious prosecution of said suit, where the jury gave $15,000 damages, and where no misconduct was shown on the part of the jury, and it was not charged that the verdict was given under the influence of passion or prejudice, the Court could not disturb the verdict, unless it clearly appear that injustice has been done.

In such cases there is no fixed rule as to the amount of damages; the jury are not confined to the actual pecuniary loss, but may take into consideration the character and position of the parties, and all the circumstances of the case.

APPEAL from the District Court of the Seventh Judicial District, County of Napa.

The plaintiff brought his action against Daniel D. Page and others, constituting the firm of Page, Bacon & Co., for $25,000 damages, for the malicious prosecution and continuation of a civil action against plaintiff, in which defendants caused an attachment to issue, under which plaintiff's property was siezed and detained for about four months.

The defendants, on the cause being called for trial, moved on the usual affidavits for a commission to take testimony, and also moved for a continuance for the purpose of having the same taken, on affidavits that they had fully and fairly stated their defence to their counsel, and that they had a good and substantial defence to the action upon the

merits, as they were advised by their said counsel and verily believe, etc. The Court below overruled the motion, the defendants excepting. The cause was tried before a jury who found a verdict in favor of plaintiff for $15,000, which is undoubtedly much more than the pecuniary damage proved. The defendants moved for a new trial, which was denied, and judgment entered for plaintiff on the verdict. Defendant appealed.

The action alleged to have been maliciously prosecuted by defendants against plaintiff was upon the following bill of exchange:

" Exchange for $4,000.        SAN FRANCISCO, July, 27th, 1853.

" At sight of this second of exchange, (first unpaid) pay to the order of Page, Bacon & Co., four thousand dollars, value received, and charge the same to account of        E. WEAVER.

"To Clinton Bank, of Columbus, Ohio."

Upon this bill Page, Bacon & Co. sued plaintiff, alleging its protest for non-payment. The record shows that it was presented and protested for non-payment, August 27th, 1853, owing to the absence of L. G. Weaver, the actual drawee, and his not having left instructions with the bank to pay it; that on September 9th, 1853, the first of exchange arrived at the place of payment, was presented and paid, together with cost of protest of the second of exchange; and that Page, Bacon & Co. commenced their suit on the bill on October 27th, 1853, and caused a writ of attachment to issue the next day, under which the property of the plaintiff was held for about four months, when it was released by plaintiff's giving bond. The action on the bill was decided against Page, Bacon & Co., who appealed to the Supreme Court, where the judgment was affirmed. See 4 Cal. R., 395.

*Haights & Gary* for Appellants.

In an action for a malicious prosecution, the question whether there is or is not probable cause, is a question of law for the Court unless there is some conflict of evidence to be settled by the jury. This is peculiarly the case as to this inquiry, and in this action.

An action for malicious prosecution will not lie, unless the want of probable cause is substantially proved; proof of malice alone will not sustain the action.    Murray v. Long, 1 Wend., 140.

From the want of probable cause malice may be implied, but the want of probable cause cannot be implied from the most express malice.    Ib.

In Baldwin v. Weed, 17 Wendell, 224, C. J. Nelson said:

" When there is no dispute as to the facts relied on, the question of want of probable cause is for the determination of the Court; when the facts are controverted or the preponderance of the testimony doubtful, it belongs to the jury, under proper advice as to the law. The want of probable cause is the essential ground of the action, and must be substantially and satisfactorily proved, and cannot be implied.

Although the Supreme Court decided that the defendants in the suit against Weaver could not recover damages on the protested bill, it certainly was not so clear a case as to charge defendants with malice in prosecuting the claim.    See the decision of Supreme Court in Page *et al. v.* Weaver, 4 Cal. R., 395.

The question was as to the want of probable cause at the commencement of the suit.    The subsequent continuance of the suit is not a ground of complaint in the pleadings.    Baldwin *v.* Weed, before cited.

*Foote and Aldrich* for Respondent.

The refusal to continue the cause was a matter of discretion, the exercise of which will not be interfered with by this Court, unless there was manifest abuse of discretion.    It cannot be contended that there was any such abuse, where there were so many reasons concurring for the refusal of the motion.

The next ground taken by the appellants is, that there was a want of probable cause for the commencement of the suit against the respondents.    Without admitting the absence of probable cause for the commencement of the suit—for the jury had a right to infer that the appellants had been advised of the payment of the draft through their agent—we say that this suit was not only for a malicious prosecution of the plaintiff, but for the malicious continuation of the proceedings against him after the groundlessness of the allegations of the complaint had been fully ascertained.    The complaint is that the suit was instituted *maliciously,* and without *probable cause,* and was so continued even to the end of the proceedings in this Court.

Whether or not the defendants had notice of the payment of the draft when they instituted their suit against the plaintiff, they were afterwards, and long before that suit was terminated, fully advised of it.    Yet they continued their proceedings, even to an appeal to the Supreme Court, subjecting the plaintiff to large expense, to loss of time, and to all the harassing incidents of a law suit, when they knew the draft was paid, and that they had no cause of action against the plaintiff.

The question of probable cause was then an eminently proper one for the jury, or rather it was a case where the want of probable cause was too plainly indicated to make it at all questionable that the motion for a non-suit should be refused.    Probable cause, it is said, (Greenleaf's Ev., § 454, p. 433,) "may consist of such facts and circumstances as lead to the inference that the party was actuated by an honest and reasonable conviction of the justice of the suit."    "The question of probable cause is composed of law and fact; it being the province of the jury to determine whether they amount to probable cause.    But, if the matter of fact and matter of law, of which the probable cause consists, are intimately blended together, the judge will be warranted in leaving the question to the jury."

The only remaining question is that of damages.    These, it is said, are excessive.    It is not contended now, nor was it made a ground upon

the motion for a new trial, that the verdict was rendered under the influence of passion or prejudice.

The case was one where the jury were not bound to confine themselves to the actual loss of property which was proven to have been sustained. They were at liberty to make all legitimate inferences from the testimony in their estimate of damages. More than this, in a case of this kind, we contend that they had the right to adopt any theory, not inconsistent with the facts of the case, as disclosed by the testimony. From the loss of property, the loss of credit, the loss of time, the expense of litigation, the loss of profit, and the various injuries that may result from an entire breaking up of a man's business, may properly enter into the estimate of damages.

The opinion of the Court was delivered by Mr. Justice TERRY. Mr. Chief Justice MURRAY concurred.

This is an action to recover damages against defendants, for the malicious prosecution of a civil suit against the plaintiff.

The plaintiff, at San Francisco, on the 27th of July, 1853, drew a set of bills of exchange in favor of defendants, on one Weaver, of Columbus, in the State of Ohio. The bills were sent, according to the usage of trade,—one by each of the usual routes of travel. The second of exchange was presented at the place of payment on the 27th of August, and the drawee being absent, was duly protested and returned to the defendants. The first of the set arrived at the place of payment on the 5th of September; was presented to the drawee, and was paid by him, together with the costs of the protest. Two months afterwards a suit was instituted on the protested bill by defendants, and plaintiff's property taken in attachment and held for about four months, when it was released, by his giving a bond to answer the judgment. In that case, upon the trial, a judgment was rendered for defendant, (the present plaintiff) and the judgment having been affirmed on appeal, the plaintiff instituted this action, and recovered, in the Court below, a judgment for fifteen thousand dollars.

The main question in the case was, whether the defendants, at the time of commencing and prosecuting this suit against the plaintiff, and holding his property under attachment, knew that the bill, which was the foundation of the action, was paid. This being a question of fact, was properly left to the jury, who found in favor of plaintiff, upon evidence amply sufficient to sustain the verdict. The fact that the bill, by the usual conveyance, reached its destination in one month from its date, was sufficient to raise a presumption that defendants had received notice of payment in double that time.

The advice of counsel, relied on by defendants, appears from the record only to have been given in relation to a claim for damages on account of the protest, and not to the entire claim.

The fact that defendants had a probable cause of action, arising from the protest of the second of exchange, is no defence. If a person having a good cause of action against another, willfully sue for a much

greater amount than is due, and attach the property of the other, and put him to charges, he is liable. 16 Pick., 453.

The only question remaining is, as to the excessive damages. The cause appears to have been fairly tried. No misconduct is shown on the part of the jury, nor is it charged that the verdict was given under the influence of passion or prejudice. In cases of this nature, there is no settled rule as to the amount to be recovered. The jury are not confined to the actual pecuniary loss sustained by the plaintiff, but may take into consideration the character and position of the parties, and all the circumstances attending the transaction. In such cases, we cannot disturb a verdict, unless it clearly appears that injustice has been done.

Judgment affirmed.