# REES v. CUPP.

SUPREME COURT.—*Practice.*—*Motion to Strike out.*—*Record.*—Where a motion to strike out part of a pleading is in part sustained and in part overruled, to which the parties except respectively, but their exceptions are not preserved in the record, no question is presented to the Supreme Court on appeal.

SAME.—*Seduction.*—*Complaint.*—*Motion to make Specific.*—In an action by an infant female for seduction by means of alleged artifice and persuasion, the complaint is not bad merely because it does not state the facts constituting the artifice and persuasion, though it might be required to be made more specific, on motion.

SAME.—*Instruction to Jury.*—*Refusal.*—*Harmless Error.*—Where the substance of instructions asked, but refused, is embraced in others given, the refusal is harmless.

From the Fayette Circuit Court.

*B. F. Claypool* and *J. C. McIntosh*, for appellant.

*W. Morrow*, *N. Trusler*, *W. C. Forrey* and *E. J. Smith*, for appellee.

BIDDLE, C. J.—The appellee brought the following complaint against the appellant:

" That the said Mary Belle Cupp is now an infant, being less than twenty-one years old, and during her life has been an unmarried female; that, at the commencement of the grievances hereinafter set forth, she was an infant, fourteen years of age; that she was, at said time, in the employ of the defendant; that said defendant, at said time, was a man of mature age, of wealth and high social position; that, intending to wrong, injure, debauch and seduce her, the said defendant took advantage of her youth and inexperience, of her position as his servant as aforesaid, and of his experience and position, and by means thereof, and by his artifices and persuasions, did seduce and debauch her, and induced her to have sexual intercourse with him, to wit, on the 23d day of June, 1875, whereby and by reason thereof she has been greatly injured in her person and in her good name, has suffered great anguish of body and mind, to her damage," etc.

The appellant moved to strike out a certain portion of the complaint; his motion was sustained as to part, and exceptions taken by the appellee, and overruled as to part, to which latter ruling the appellant excepted; but neither party preserved the exceptions. We are, therefore, not informed as to what part was struck out, nor as to what part the court refused to strike out.

A demurrer for want of sufficient facts to constitute a cause of action was overruled to the complaint, and exceptions saved.

Answer, general denial; jury trial; verdict and judgment for appellee, two hundred dollars.

Proper ground was laid by the appellant, and this appeal taken.

The appellant thinks that the complaint is insufficient, because it does not particularly state the means by which the seduction was effected, the facts which constituted the artifices and persuasions which led to the debauchment; but we think it is sufficient to withstand a demurrer. Perhaps it might have been made more certain on motion, but as no motion for that purpose was made, we must hold the complaint good

The appellant complains of the refusal by the court to give certain instructions to the jury, and of giving certain instructions of its own motion; but, as those refused, on motion of the appellant, were substantially given by the court, and as those given are not in themselves wrong, it is impossible for us to say—the evidence not being in the record—that the court erred. We must presume in favor of the rulings below.

The judgment is affirmed, at the costs of the appellant.