## JAMES H. BROWN v. KEZIA A. BARNES.

*Slander.*

The rule that the use of slanderous words must be proved as alleged in the declaration does not exclude proof of other words not changing their effect.

The rule that repetitions of a slander may be proved to show malice does not limit the evidence to *verbatim* repetitions, but allows proof of substantially similar slanders likely to make the same impression on the community.

Where error was assigned on the *admission* of documentary evidence that was proper when introduced, it was not *held* error that it was left standing after the abandonment of a count had made it immaterial, especially as it had not been read to the jury and no motion had been made to strike it out.

Improper reasons for the admission of testimony do not make its admission erroneous if it was admissible at all.

In an action for slander there is no error in refusing to admit a neighbor's testimony that he never heard it.

The pecuniary standing of the defendant in a civil action for slander may be shown to prove the influence his word would have in the community; but the jury must be cautioned against allowing such evidence to carry too much weight or in itself to swell the amount of damages.

Error to Allegan. Submitted June 19. Decided June 21.

TRESPASS ON THE CASE for slander. Defendant brings error.

*J. W. & O. C. Ransom* for plaintiff in error. Actionable words not counted on in a declaration for slander, are not admissible (*Howard v. Sexton*, 4 Comst., 157; *Rundell v. Butler*, 7 Barb., 260; *Campbell v. Butts*, 3 Comst., 173; *Keenholts v. Becker*, 3 Den., 346; *Thomas v. Croswell*, 7 Johns., 264) unless to show malice, and not to enhance damages, Townshend on Slander, § 390; *Letton v. Young*, 2 Metc. (Ky.), 558; *Barrett v. Long*, 8 Irish Law Rep., 331; *Scott v. McKinnish*, 15 Ala.,

662; *Burson v. Edwards*, 1 Carter (Ind.); 164; but they cannot be proved unless uttered so long ago that a right of action on them would be barred, *Brickett v. Davis*, 21 Pick., 404; *Throgmorton v. Davis*, 4 Blackf., 174; *Inman v. Foster*, 8 Wend., 602; *Lincoln v. Chrisman*, 10 Leigh, 338; and their admission then is improper as it in effect restores a cause of action that has been taken away, *Root v. Loundes*, 6 Hill, 518; evidence of the repetition of a slander is not admissible to increase damages, *Shortley v. Miller*, 1 Smith, 395; *Lanter v. M'Ewen*, 8 Blackf., 495; *Forbes v. Myers*, 8 id., 74; Folkard's Starkie on ·Slander, § 586; *Van Derveer v. Sutphin*, 5 Ohio St., 293; damages in slander can not be affected by evidence of defendant's wealth (*Ware v. Curtledge*, 24 Ala., 622; *Morris v. Barker*, 4 Harring., 520) or poverty, Townshend on Slander, § 417; *Myers v. Malcolm*, 6 Hill, 292; *Palmer v. Haskins*, 28 Barb., 90; any variance from the words actually spoken is fatal to an action for slander, Folkard's Starkie on Slander, 460, n. 19; Townshend on Slander, § 370; *Olmsted v. Miller*, 1 Wend., 506; *Fox v. Vanderbeck*, 5 Cow., 513; *Taylor v. Moran*, 4 Metc. (Ky.), 127; *Zeig v Ort*, 3 Chand. (Wis.), 26.

*Littlejohn & Hart* for defendant in error. In a declaration for slander it is enough to set forth the material words, and additional words which do not alter their sense may be omitted, *Spencer v. McMasters*, 16 Ill., 405.

CAMPBELL, C. J. Mrs. Barnes sued Brown for slander, upon allegations that he had charged her in conversations referred to, with larceny and perjury.

The charges of larceny in the declaration referred to the theft of $160,—in one count alleged generally, and in another as taken from a coat pocket in Brown's house.

There was testimony of the various forms of the charge, and in some instances with additional particulars. It is objected that the words alleged must not

only be proved exactly as laid, but proved without any additions. We do not understand that such additions can be regarded as producing a variance, unless in some way repugnant, or changing the sense. The slanderous words alleged being actionable in themselves cannot be made less so by other words not in any way altering their effect. There was no such difficulty here. No authority is shown for claiming the variance to be of any importance.

The testimony of a son of Mrs. Barnes was admitted against objection, to show that Brown had said to him that his mother, who was described by an opprobrious epithet, "stole some money from me" or "stole that money from me." It is not denied that repetitions of the same slander may be shown, but it is claimed this was a different slander. We think this was a repetition of the same slander, the essence of which consisted in the charge of theft, and that in the absence of anything to show Brown had ever charged her with stealing anything but the $160, may fairly be presumed to have referred to that specific charge. As we had occasion to review the doctrine concerning such repetitions in *Leonard v. Pope*, 27 Mich., 145, we need not discuss it here. But we do not understand that the proof of repetitions of the same slander means a *verbatim* repetition. The evidence is intended to show malice in repeating charges of a substantially similar nature, and calculated to produce the same inpression on the community. In this case the charge of being a thief was the real mischief, and the testimony of the son went far enough to bring it within the rule of *Leonard v. Pope*.

Complaint is also made of the admission of a file of chancery records in a controversy between the parties in which the perjury set forth in the declaration was there stated as charged to have been committed. The error relied on is that this testimony was improper because no attempt was made to prove the slander as to that perjury.

Upon a careful examination of the record we do not find that when this testimany was introduced the count concerning the charge of perjury had been abandoned. That abandonment made this evidence immaterial, but it was not improper when offered, and no motion was made to strike it out. We cannot, therefore, hold that there was error in leaving it in, and we must assume it was not regarded as of much importance or some ruling would have been asked to get rid of it. We do not, as the record stands, see how it could have done any harm—especially as it does not seem to have been read to the jury. But however this may be, we discover no error in its introduction at the time when it was let in. If admissible at all, the fact that bad reasons were assigned for it cannot affect the right.

We think there was no error in refusing to admit the testimony of a neighbor that he never heard the slanders. Such negative evidence proves nothing as to the main fact, and to make it of any significance in showing that the reports obtained no considerable circulation, and therefore were not very injurious, it would be necessary on this theory to swear a large part of the whole community. It is possible that cases may exist where such evidence might have some force in rebutting proof of the general currency of gossip, but we do not now see how such a necessity is likely to exist. In the present case there was no such occasion made out.

Brown was allowed to be asked against the objection of his counsel, concerning his pecuniary circumstances at the time of the slander. The court cautioned the jury very carefully against giving such testimony any consideration except as bearing on the injury likely to flow from slanders uttered by a man of his standing.

We are quite sensible of the danger of opening the door to such inquiries, because the jury may be influenced by the testimony at times more than they should be in calculating damages. But if testimony is admissible at all, that is a risk which can only be guarded

against by cautions from the court, which here were faithfully given.

There has been some conflict in the authorities about such evidence, but there are respectable decisions in favor of it, some of which were cited on the argument. Such questions must be determined somewhat by the ordinary experience of men, and certainly the mischief of slander depends very much on the influence of its author and his standing among his neighbors. This must itself depend on a great many things combined, and it cannot be denied that pecuniary standing is one of the elements which we are very apt to consider in determining the position and weight of others. It is far from being the only or controlling element, but it may be an important one, and it is frequently if not generally of some force. A similar inquiry was presented in *Threadgool v. Litogot*, 22 Mich., 271, but it was not necessary to consider it fully. We think there is reason for admitting such inquiry, with cautions against allowing it weight beyond what it deserves, and especially against allowing it to swell the damages on its own account. In the present case it does not appear to have done so.

The judgment must be affirmed with costs.

The other Justices concurred.