No. 8070.

## HART *v.* WALKER.

PRACTICE.—*Misjoinder of Causes.*—A judgment will not be reversed on account of a misjoinder of causes of action.

SEDUCTION. — *Pleading.* — *Complaint.* — *Adopted Child.*—The complaint charged that the plaintiff was taken by the defendant to his home, "to be adopted and reared by him as a member of his family," and that she continued to live with and to work for him as his servant girl, and, in consideration therefor, he undertook to pay her a reasonable compensation, to send her to school, and to protect and care for her as a parent and father; that, at a time and place named, the defendant "did unlawfully seduce, debauch and carnally know the plaintiff, and did, at divers times, * * * repeat his acts of intercourse, telling her at each time that she must submit to him, and gratify his desires; that he had been a kind friend to her, and she must not resist him, and that he had a right to make such demands of her."

*Held,* that the complaint does not show that the plaintiff was an adopted child of the defendant.

*Held,* also, that it contains a good charge of seduction.

PRACTICE.—*Motion to Make Specific.*—The motion to have a complaint made more specific must precede the answer. After the overruling of one motion, another for the same purpose, though on different grounds, should not be offered, without showing a reasonable excuse for not embracing all the causes in the first motion.

BILL OF EXCEPTIONS.—*Filing After Term.*—The record must show time given during the term for filing a bill of exceptions after the term.

SAME.—*Presumption.*—It will be presumed that a bill of exceptions filed with the clerk, but not shown to have been filed in open court or during the term, was filed after the close of the term.

From the Henry Circuit Court.

*T. B. Redding* and *M. E. Forkner,* for appellant.

*J. H. Mellett, E. H. Bundy* and *J. Brown,* for appellee.

WOODS, J.—Complaint by the appellee against the appellant for seduction. Trial, verdict and judgment for the plaintiff in the sum of fifteen hundred dollars.

The appellant saved an exception to the overruling of his demurrer to the complaint. The grounds of demurrer were, that the complaint did not state facts sufficient to constitute a cause of action, and that two causes of action, to wit, one for work and labor, and the other for seduction, were improperly joined. The latter objection, if true, would not be available on appeal. "No judgment shall ever be reversed for any error committed in sustaining or overruling a demurrer for misjoinder of causes of action." Civil code 1852, sec. 52 ; 1881, sec. 87.

The complaint, however, does not show a good cause of action for work and labor. No value, nor agreed price, nor failure to pay is averred, and the allegations concerning the subject were made manifestly by way of inducement to the alleged seduction. After showing that, in April, 1875, the plaintiff being then a twelve-year-old orphan girl, was taken by the defendant to his home, "to be adopted and reared by him as a member of his family," and that she continued to live with him as his servant girl, and to work for him as such, and that, in consideration therefor, he undertook to pay her a reasonable compensation, to send her to school, and to protect and care for her as a parent and father, the complaint charges, "that, on or about the 25th day of December, 1876, the defendant, at his own house, in said

county (of Henry), did unlawfully seduce, debauch and carnally know her, the said plaintiff, and did, at divers times after that time, to wit, in the year 1877, repeat his acts of intercourse with her, telling her at each time that she must submit to him and gratify his desires; that he had been a kind friend to her, and she must not resist him, and that he had a right to make such demands of her, and that, by reason of such intercourse, she became pregnant with child, and will be delivered thereof within the next six or eight weeks," etc.

As a complaint for seduction, it is claimed that the pleading is insufficient:

*First.* Because, it being alleged that she was taken to the defendant's house to be adopted by him, it is to be inferred that she was adopted by the defendant; and, if so, the relation of parent and child existed, and no action would lie against the father for the seduction of his own child.

*Second.* Because it is not shown by what means the seduction was accomplished.

The allegations of the complaint do not, in our judgment, warrant the inference that a legal adoption of the plaintiff by the defendant as his own child was contemplated, and it is clear enough that no such adoption had been accomplished. She was employed as his domestic servant, to be treated as a member of his family, and to be schooled and protected as a child. Nothing more can be presumed from what is averred; and if the defendant preferred to have the transaction viewed as an occurrence between father and daughter, he should have presented an answer to that effect; or if, as a rule of pleading, this was not necessary, he should have made the proof under the general denial. We are not to be understood as assenting to the proposition, that an adopting father may not be liable to his adopted daughter for seducing her. For the purpose of withstanding the demurrer, the complaint was not faulty for failing to state more definitely

the means used by the defendant in order to accomplish the alleged wrong.

"Seduction is the offence of a man who induces a woman to surrender her chastity." Worcester. Bouvier; Webster; Civil code 1852, sec. 24.

The appellant assigns error upon the overruling of his motion to strike out parts of the complaint, and of his two motions to have the complaint made more specific in certain respects. It has been repeatedly decided that available error can not be assigned upon a refusal to suppress a pleading or to strike out a part of it. No reason is shown why the matter of the second motion to have the complaint made more specific was not embraced in the first motion made for that purpose. See *Shattuck* v. *Myers*, 13 Ind. 46, where it was held that a second affidavit for a continuance on account of absent witnesses, the first having been over-ruled, should show a reasonable excuse for not embracing all the reasons for a continuance in the first application.

There is, however, another sufficient reason why neither of the appellant's motions in this case can be made available on the appeal. The record does not show that either of the motions was filed before the answer was filed; and once the defendant has answered, he can not move for a more specific complaint, unless, upon leave of the court, the answer be withdrawn.

Numerous questions arising upon the overruling of the appellant's motion for a new trial are urged upon our attention, and while we have examined them so far as to be convinced that no material error was committed to the injury of the appellant, we find that the record does not require any decision upon the alleged causes for a new trial. They all depend on a bill of exceptions which is not properly in the record. By the recital of the clerk, the bill was filed by the defendant in the office of the clerk of the Henry Circuit Court, on the 21st day of December, 1878. This, it is to be

presumed, was in vacation, else the filing would have been noted as made in open court. The record does not show the granting of time beyond the term for filing the bill. The bill itself shows that, at the time each exception was taken, time was given the defendant, during the term, to prepare and file his bill of exceptions, and concludes by saying: "And the defendant now, to wit, on the 17th day of December, 1878, the twenty-sixth judicial day of said term of said court, prepared this, his bill of exceptions, which is signed, sealed, and made a part of the record of said cause, the day aforesaid," which is duly signed by the presiding judge. It is well settled, however, that under the code of 1852, by which the trial was had, it was not enough to get the judge's signature within the time allowed, but the bill must have been filed in court, or with the clerk, within that time, else it can not be regarded as a part of the record. Buskirk's Practice, p. 144, and cases cited. *Sohn* v. *The Marion, etc., G. R. Co.,* 73 Ind. 77.

The judgment is affirmed, with costs.