No. 8983.

## WILSON v. SHEPLER.

SEDUCTION.—*Action by Woman.—Damages.—Evidence.—Pecuniary Condition of Defendant.*—In an action by a woman for her own seduction, evidence of the pecuniary circumstances of the defendant may be considered in determining compensatory damages.

PLEADING.—*Quære,* What is a sufficient complaint by a woman for her own seduction?

From the Henry Circuit Court.

*J. H. Mellett, E. H. Bundy* and *J. Brown,* for appellant.
*J. M. Brown,* for appellee.

WOODS, C. J.—The appellee obtained a verdict and judgment against the appellant for $1,200, upon a complaint charging "That on the 1st day of January, 1879, and on divers other days and times between that day and the beginning of this suit, she being an unmarried woman, the defendant did her, the said plaintiff, unlawfully debauch and carnally know, whereby she became pregnant with and was delivered of a child, and greatly suffered in peace of mind and good name, and pain of body, and lost her own time and labor, and incurred great expense in and about her nursing, and in obtaining medical assistance, all to her damage," etc.

The circuit court treated this as a complaint for seduction, and the appellant has not questioned its sufficiency, either by demurrer or by assignment of error. If the action were by a father or master for the seduction of a daughter or servant, the averments would doubtless be sufficient; but the suit being in the name and for the use of the woman herself, and maintainable only by virtue of the statute which grants the right of action, it is not clear but that a seduction ought to be alleged, if not a statement made of the particular arts and persuasions employed in its accomplishment. See *Rees* v. *Cupp*, 59 Ind. 566; *Dowling* v. *Crapo*, 65 Ind. 209; *Smith* v. *Yaryan*, 69 Ind. 445 (35 Am. R. 232); *Hart* v. *Walker*, 77 Ind. 331; *Johnson* v. *Holliday*, 79 Ind. 151.

The court charged the jury that " The fact that the defendant is financially in limited circumstances, and makes his living by manual labor, if such is the fact, can not be considered by you to reduce the amount of compensation due to the plaintiff, if you find in her favor, but may be considered by you in determining whether you will inflict smart money upon the defendant, and, if so, the amount of it; for you may, if you think the circumstances justify it, in addition to compensating the plaintiff, assess damages against the defendant by way of punishing him and deterring others from a like offence."

It is insisted that this instruction was wrong; and, in view of the evidence, which showed that the defendant had, before the suit was brought, paid the plaintiff enough to compensate her amply for lost time and actual expenses incurred on account of the wrong done her, we think the instruction probably misled the jury.

The right of a woman to sue for her own seduction is purely statutory, and it is not easy to define the rule of damages in such a case, or to apply the rules which have obtained in actions for the seduction of a wife, daughter or servant. The statute which gives the action reads: "Any unmarried female may prosecute as plaintiff an action for her own seduction, and may recover therein such damages as may be as-

sessed in her favor." Code of 1852, section 24; R. S. 1881, section 263.

So far as the plaintiff in such a case may have suffered a loss of time, and have incurred actual expense, her compensation may be measured by an easy rule, and, if the instruction in question could, in the light of the evidence, be construed to mean that, from the compensation so found due, there can be no deduction on account of the circumstances of the defendant, it would be free from objection. But, besides the loss of time and actual expenses, the injured party is entitled to *compensation* for the disgrace and personal injury which she suffers, for which it is evident there can be no definite money standard or measure. The jury must exercise a reasonable discretion, and, in order to do this with fairness, must be let into a knowledge of the situation and circumstances of both parties. In fixing the compensation of the one, they necessarily inflict punishment upon the other, and the instruction attempts to require a separate consideration of things which, if not identical, are interdependent and commensurable. We do not mean that punitive damages are not to be allowed in such cases, but it is evident that, if there has been a real seduction, such damages, however great, can never equal a just compensation; and, on the other hand, there may be danger that, in the effort to give a proper compensation, a punishment may be inflicted which, when viewed as punishment alone, might be unduly severe. The character of the injury may be such that the jury will be influenced more by considerations of punishment than of compensation, substituting the former for the latter, 2 Sedgw. Damages, side page 456; but practically it must be evident that these are correlative terms.

The authorities upon the subject, as already stated, have reference to actions by a husband, parent, or master, but, so far as they may be deemed to be in point, lend support to the view that the pecuniary condition of the defendant may be considered in determining the injury done to the plaintiff. In

the foot note, 2 Sedgw. Damages (7th ed.), 512, it is said: "Evidence of the pecuniary condition of both plaintiff and defendant has been held admissible, not for the purpose of ascertaining how much the defendant can pay, but how much the plaintiff has been injured." See *White* v. *Murtland*, 71 Ill. 250 (22 Am. R. 100); *McAulay* v. *Birkhead*, 13 Ired. L. (N. C.) 28; *Brown* v. *Barnes*, 39 Mich. 211; S. C., 33 Am. R. 375, and note; *Clem* v. *Holmes*, 33 Grat. 722 (36 Am. R. 793); *Lavery* v. *Crooke*, 52 Wis. 612 (38 Am. R. 768); *Andrews* v. *Askey*, 8 Carr. & Payne, 578.

The action for the seduction of a daughter or servant, from the time when a departure was made from the strict rule of compensation for service lost, has been recognized as peculiar; and still more distinctly *sui generis* is the statutory action by the woman herself; and we are convinced that it will be the wiser rule to admit the jury to a full knowledge of the facts, so that, in the language of TINDAL, C. J., in *Andrews* v. *Askey, supra,* they may "take into consideration the situation in life of the parties, and say what" they "think, under all the circumstances of the case, is a reasonable compensation." Such would seem to be a reasonable interpretation of the comprehensive terms of the statute in respect to the amount of the recovery.

Other questions discussed may not arise again.

Judgment reversed, with instructions to grant a new trial.