Hodges v. Bales.

No. 11,777.

## HODGES v. BALES.

SEDUCTION.—*Complaint.*— *Previous Chastity.*— *Reliance on Promises.*—Averments of previous chastity, or good repute for chastity, and that the plaintiff relied on the defendant's promises, are not essential in a complaint by an unmarried woman for her own seduction.

SAME.—*Averments as to Means of Seduction.*—A complaint alleging, substantially, that the defendant was the plaintiff's suitor, and that by his attentions and professions of affection he gained her confidence and importuned and persuaded her to have sexual intercourse with him, and that she, by reason of her confidence in and love for him, yielded, etc., and, also, that by promising to marry plaintiff the defendant seduced and debauched her, sufficiently describes the means of the seduction.

SAME.—*Coercion.*—*Demurrer.*—That it remains uncertain from a paragraph of complaint, whether the intercourse was had by means of force or by arts which amount to seduction, or both combined, is not ground for demurrer.

SAME.—*Evidence.*—For a consideration of evidence held sufficient after verdict to support a charge of seduction, notwithstanding an element of coercion, see opinion.

INSTRUCTIONS TO JURY.—That a single instruction, standing alone, is subject to criticism, is not ground for reversal, if, upon the charge as a whole, the law is correctly stated to the jury.

Hodges v. Bales.

JURY.—*Misconduct of.*—*Practice.*—Where the trial court hears affidavits and counter-affidavits upon a charge of misconduct of the jury, its decision, if supported by evidence, will not be disturbed.

SAME.—*Competency of Juror.*—*Relationship to Party.*—*New Trial.*—The fact that a juror's first wife, who had been dead twenty years or more, was a second cousin of a party to the action, which fact the juror did not know when he agreed to the verdict, is not a sufficient cause for a new trial.

WITNESS.—*Corroboration of by Previous Statements.*—A witness who has been merely contradicted as to an alleged fact testified to by him can not be corroborated by showing that he related the same fact in the same way before.

From the Morgan Circuit Court.

*G. W. Grubbs, M. H. Parks, J. H. Jordan, O. Matthews, L. Ferguson* and *C. G. Renner,* for appellant.

*G. A. Adams, J. S. Newby, W. R. Harrison* and *W. E. McCord,* for appellee.

MITCHELL, C. J.—This action was brought by Mary M. Bales against the appellant to recover damages for her seduction.

The complaint was originally in four paragraphs. Pending the action an additional paragraph was filed.

Separate demurrers were filed to the first, second, third and fourth paragraphs. The demurrer was sustained to the third and overruled to the first, second and fourth, and the overruling of the demurrer to these paragraphs is the first error assigned.

The objections which counsel make to the first paragraph are, " that the means therein alleged are not sufficient to constitute seduction, nor is there any allegation in this paragraph to show that the woman was drawn aside from the path of virtue, which she was herself pursuing, or that she relied upon the means and promises made by the defendant." The only objection stated to the second is, that it is alleged therein " that she was coerced and compelled to submit to the carnal intercourse with the defendant." All that is said of the fourth is that it is similar to the second, and that it is bad for the same reasons.

In each of the foregoing paragraphs it is averred, in sub-stance, among other things, that the plaintiff is an unmarried woman; that the defendant was her suitor, and by his visits and attentions to and professions of love and affection for her, gained her confidence, and importuned and persuaded her to have sexual intercourse with him, and that she, by reason of her confidence in and love for him, yielded to his importu-nities, and that pregnancy and the premature birth of twins was the result.

The first and fourth paragraphs each contain, in addition to the foregoing averments, an averment of a promise of mar-riage, and that " by reason of said promises aforesaid, * * and by then and there undertaking and promising to marry," the defendant seduced and debauched her.

In the second and fourth paragraphs are contained, in ad-dition to the other means alleged to have been used, aver-ments, in effect, that the defendant coerced and compelled her to submit to sexual intercourse with him. It is not averred in either paragraph that the plaintiff was previously chaste, or of good repute for chastity.

An averment of previous chastity, or good repute for chas-tity, is not essential in a complaint by an unmarried woman for her own seduction. This was directly ruled in *Bell* v. *Rinker*, 29 Ind. 267. It was not necessary that the means used should have been more particularly described, nor was it necessary to aver that the plaintiff relied on the defendant's promises. *Hart* v. *Walker*, 77 Ind. 331; *Rees* v. *Cupp*, 59 Ind. 566.

That the second and fourth paragraphs contained aver-ments, that, in addition to the other means used, the intercourse was had by means of coercion and compulsion, did not make them subject to demurrer. We agree with appellant's coun-sel that seduction can not be accomplished by force alone, but the other averments, with which those objected to are coupled, make a case of seduction. If the arts and wiles set out were employed to gain the plaintiff's confidence, and her

consent was finally obtained through persuasion and force combined, we are not prepared to say that this would not be seduction. That it remains uncertain whether the intercourse was had by means of force, or by arts which amount to seduction, or both combined, was not a ground for demurrer. There was no error in overruling the demurrer to these paragraphs of the complaint.

It is assigned for error that the court erred in overruling the appellant's motion for a new trial, and the first point urged under this assignment is that the evidence does not sustain the verdict. It is insisted that if the plaintiff's account of the matter be accepted as true, it makes a case of rape, and not of seduction.

The substance of the plaintiff's testimony was, that the defendant had been her suitor; that he solicited her in marriage; that she had consented; that he had asked her to wait for him; that on account of his mother he could not then marry; that defendant's mother was an aged, palsied invalid and in infirm health, and that he and his mother composed the family at that time; that he procured plaintiff to come and live with his mother, to nurse and care for her; that soon after she went to care for his mother and household, he came to her bed, in the room occupied by the invalid mother, while she was asleep at night, and carried her bodily across the hall to his own room in her night-clothes; that she resisted, and he compelled her to stay, locking the door, and refusing to let her go. She testified that he tried to persuade her to yield to him by telling her he would marry her if any trouble resulted; he also told her he would have his brother, Perry, move into the house and take care of his mother, and he would marry her in any event. She refused consent and struggled to get away, and he held her fast. She tried to make an outcry, but could make no one hear. She tried to get his arm loose but could not, and finally, worn out between entreaty and force, she submitted. The plaintiff testified that

the defendant had intercourse with her on other occasions, and adds, that it was always against her will.   The defendant denied having had any sexual intercourse at all with plaintiff.

Over an instruction which told the jury, in substance, that if they believed from the evidence that the plaintiff yielded to the defendant on account of force or coercion, they should find for him, the jury nevertheless found for the plaintiff. We can not say that the evidence does not support the verdict. We do not mean to say that an ordinary complaint for seduc-tion alone would be supported by proof of intercourse had under compulsion without any promises or persuasion, such as would constitute seduction, but the complaint in this case, taking all its allegations together, combines an action for damages for seduction with one for assault and battery and resulting injury.   Although neither paragraph of the complaint was, on that account, subject to a general demurrer, the defendant might, perhaps, had he chosen, have required the plaintiff to state her several causes of action in separate paragraphs, but with his consent the whole was tried together, and we think he can not now complain.   Assuming the facts testified to by the plaintiff to be true, she might have maintained an action for the injury in either form.   Besides, taking the testimony as we find it, we are of opinion that it supports the charge of seduction, notwithstanding the element of coercion found in the plaintiff's account of the affair. Taking it as true, that the defendant, as suitor, had won the confidence and affection of the plaintiff; that he had been accepted as her prospective husband; that although carried bodily to and detained in his room by force, his pledges of fidelity to her were then repeated and renewed, we can not now undertake to separate and determine the effect which these promises and persuasions may have had in inducing her to yield assent to the wishes of one in whom she confided. Presumably, if no relations of confidence had existed between them, he would have entered upon no such bold adventure,

nor would she so readily have become a victim to be carried off in that fashion.

Error is also predicated upon instructions given by the court. Without undertaking to go over the instructions in detail, it is sufficient to say that after a careful examination of all of them, we are of opinion that the law of the case was fairly stated to the jury by the court. That a single instruction standing alone may be justly subject to criticism is not ground for reversal if, upon considering the charge as a whole, the law is correctly stated to the jury. Judged by this standard the appellant has no cause to complain.

Complaint is also made that some of the instructions asked by the defendant were modified by the court, but in the condition in which we find the record we are unable to determine what modifications were made of the instructions asked.

The learned counsel for appellant, in their brief, discuss numerous alleged instructions refused, under an evident misapprehension of the record. We are referred to instructions supposed to be found on pages 64 to 75 of the transcript. Upon examination of the record we find the pages of the transcript numbered consecutively from 1 to 61, following which is page 76, leaving a hiatus from 61 to 76. We find no instructions in the record except those given by the court.

It is next claimed that error intervened on account of misconduct of the jury: 1. In leaving the jury-room, with the consent of the bailiff, and going into the court-room during the recess of the court, where the papers and pleadings in the cause and law-books were lying on the table. 2. In permitting the bailiff to remain in the jury-room with them during their deliberations. 3. In going into the sheriff's office while they were deliberating on their verdict, and looking out of the window. 4. In arriving at their verdict by lot.

Upon all these questions the court below heard the affidavits imputing the alleged misconduct, and also heard the testimony of the bailiff and some of the jurors in denial of the

inculpatory facts imputed to them, and upon such hearing decided in favor of the regularity of the conduct of the jury. The rule is that when, upon such inquiry, the decision of the court is, as it is in this case, supported by evidence, it will not be disturbed. *Epps* v. *State, post,* p. 539, and cases cited.

It is next contended that the court erred in excluding certain evidence, which was proposed on behalf of the appellant by the witnesses Manly and Vandeventer. Manly had testified on behalf of the appellant that about four years before the alleged seduction he had seen the plaintiff and her cousin, Joseph Bolin, a young man, lying in a fence corner in an orchard, and that when they saw him they jumped up and looked confused. One Bateman Bolin was called as a witness on plaintiff's behalf, and testified that he was present at the alleged occurrence; that plaintiff and his brother Joseph were out in the peach orchard getting peaches on the occasion referred to, and were not in a fence corner, nor lying down, and that he and Manly went out to the orchard together, and that nothing of the character testified to by Manly occurred. The defendant then proposed to prove by Manly and Vandeventer that within a week after the alleged occurrence, Manly had related it to Vandeventer substantially as he had testified on the stand. Upon objection the testimony of both was excluded, and we think properly.

Where a witness is impeached by showing that he has made statements out of court in conflict with those made in court, he may be corroborated by showing that he has also made statements in harmony with his testimony. *Coffin* v. *Anderson,* 4 Blackf. 395; *Brookbank* v. *State, ex rel.,* 55 Ind. 169. We know of no rule, however, which authorizes the corroboration of a witness who has been contradicted as to an alleged fact testified to by him, by showing that he related the same fact in the same way before. If it had been shown in impeachment of him that he had related the same fact differently, then within the rule it might have been shown in cor-

roboration that he also related it consistent with his testimony. *Carter* v. *Carter*, 79 Ind. 466.

While the jury were being impanelled, one William D. Hastings was called and accepted as a juror. On his *voire dire* he testified that he was not related by blood or marriage to the plaintiff. After the verdict was returned the defendant, with his motion for a new trial, presented an affidavit, in which he alleged that he was surprised by the fact, that he had learned since the jury was impanelled that a deceased wife of Hastings was a second cousin of the plaintiff, and that he was influential in behalf of plaintiff on the jury. This was assigned as a cause for a new trial. The affidavit of Hastings was received, in which it was shown that his first wife's maiden name was Baker; that she had died in 1862; that he had learned since the return of the verdict that his deceased wife and the plaintiff were second cousins, and that the fact was not known to, and had no influence upon, him. The point merits no further consideration.

Finally, it is contended that the testimony of the plaintiff bears upon its face the impress of improbability; that she was shown to have indulged in vulgar speeches and songs, indelicate and imprudent conduct; that her reputation for chastity was not above suspicion, and much more to her discredit, and that as the verdict, so far as respects the fact of seduction and intercourse, rested on her unsupported testimony, which the defendant positively denied, the appellant has on the whole suffered wrong.

Looking at the testimony of the defendant, and that given in his behalf, and this view would seem to be reasonably well supported. The fact remains, however, that it was proved, and not denied by the defendant, that he was frequently her escort in public places; that to some extent at least he sought her society, and was regarded as her suitor. She was entrusted with the care of his invalid mother. Many witnesses testified to her good reputation, and that no ill was ever spoken of her until she became involved in the ruin suffered

by the wrong of some one. Against the defendant's positive denial stood her explicit statement that he was the author of her misfortune, and a jury of their own selection, directed by a careful and intelligent judge, believed her rather than him. That there was occasion for such an investigation is to be deplored. The occasion having arisen, and the investigation had, before a tribunal fitly adapted to ascertain the truth, we can not, in view of all the evidence, disturb the conclusion there reached.

The judgment is affirmed, with costs.

Filed June 17, 1885; petition for a rehearing overruled Sept. 17, 1885.