McCoy v. Trucks et al.

No. 13,914.

McCoy v. Trucks et al.

SEDUCTION.—*Means Employed.—Complaint.—What must be Averred.*—In an action for seduction it is unnecessary to aver in direct terms that the promises of the seducer were relied on. A general statement of the means resorted to for the purpose of seducing an unmarried woman will make the complaint good as against a demurrer, and the remedy of the defendant, if he deems the complaint vague and indefinite, is by a motion to make it more specific.

SAME.—*Action for.—Woman of Nonage may Maintain.*—A woman of non-age may maintain an action under our statute for her own seduction.

SAME.—*Evidence.—Continued Conduct of Defendant may be Shown.*—It is competent for the plaintiff to give evidence tending to show that she and the defendant were together during the time in which she alleges that he importuned and persuaded her to yield, and to show that they were in a place where it was likely that sexual intercourse would take place. The plaintiff is not confined to evidence of one act, nor to evidence covering one particular day or week, but she has a right to give evidence covering many acts, and extending over a considerable period of time.

SAME.—*Resulting Consequences.—Assessment of Damages.—Jury.*—The plaintiff may prove the consequences resulting from the defendant's wrong, such as pregnancy, child-birth, and sickness, which may be considered by the jury in the assessment of damages.

From the Adams Circuit Court.

*D. T. Taylor, R. H. Hartford, D. D. Heller, P. G. Hooper, R. S. Peterson* and *E. A. Huffman,* for appellant.

*W. A. Thompson, A. O. Marsh* and *J. W. Thompson,* for appellees.

ELLIOTT, J.—The appellee alleges in her complaint that she is unmarried; that while living in the family of the defendant he seduced and debauched her, and that she was then a girl sixteen years of age. The means employed by the defendant are stated in a general way, and it is not alleged that the plaintiff relied upon his promises. Under the rule established by our decisions the complaint is sufficient

as against a demurrer. *Rees* v. *Cupp*, 59 Ind. 566 ; *Hart* v. *Walker*, 77 Ind. 331 ; *Hodges* v. *Bales*, 102 Ind. 494.

The rule deducible from these decisions is, that it is unnecessary to aver in direct terms that the promises of the seducer were relied on, and that a general statement of the means resorted to for the purpose of seducing an unmarried woman will make the complaint good as against a demurrer, and that the remedy of the defendant, if he deems the complaint vague and indefinite, is by a motion to make it more specific.

There is no force in the objection that the complaint on its face shows that the action is barred by the statute of limitations. The complaint not only does not exclude the conclusion that the case falls within some of the exceptions to the statute, but it affirmatively shows that the plaintiff is within the exceptions, for it shows that she is under the disability of nonage.

As is the case with many other of the criticisms of appellant's counsel, the objection that the complaint does not show that the seduction was effected in this State, is founded on a mistaken view of the statements of the pleading.

A woman of nonage may maintain an action under our statute for her own seduction. This right has been recognized in many cases. *Thompson* v. *Young*, 51 Ind. 599 ; *Rees* v. *Cupp, supra ; Dowling* v. *Crapo*, 65 Ind. 209 ; *Galvin* v. *Crouch*, 65 Ind. 56 ; *Smith* v. *Yaryan*, 69 Ind. 445 ; *Hart* v. *Walker, supra; Bartlett* v. *Kochel*, 88 Ind. 425. In *Stevenson* v. *Belknap*, 6 Iowa, 97, the question is expressly decided as our cases have decided it.

It was competent for the plaintiff to give evidence tending to show that she and the defendant were together during the time in which she alleges that he importuned and persuaded her to yield to his embraces, and to show that they were in a place where it was likely that sexual intercourse would take place. In a case of this character the plaintiff is not confined to evidence of one act, nor to evidence covering one

particular day or week, but she has a right to give evidence covering many acts and extending over a considerable period of time.   She has a right to show the continued conduct of the defendant towards her.   *Clark* v. *Fitch*, 2 Wend. 460 (20 Am. Dec. 639).

The plaintiff had a right to prove the consequences which resulted from the appellant's wrong.   These may be considered by the jury in estimating damages.   *White* v. *Murtland*, 71 Ill. 250; *Klopfer* v. *Bromme*, 21 Wis. 373; *Stevenson* v. *Belknap*, *supra*; *Brown* v. *Kingsley*, 38 Iowa, 220; *Hewitt* v. *Prime*, 21 Wend. 79.   Pregnancy, child-birth, sickness, and like matters may be shown, and may be considered by the jury in estimating the compensation to be awarded the plaintiff.   *Wilson* v. *Sheplar*, 86 Ind. 277.

We can not disturb the verdict of the jury, either as to the assessment of damages or as to the finding upon the evidence.

Judgment affirmed.

Filed Dec. 18, 1889.