Shewalter *v.* Bergman.

The judgment is reversed, with instructions to overrule the demurrer to the third paragraph of answer.

Filed Feb. 4, 1890.

Filed Feb. 4, 1890; petition for a rehearing overruled April 5, 1890.

No. 13,951.

### SHEWALTER *v.* BERGMAN.

STATUTE OF LIMITATIONS. — *Exceptions.— Pleading.— Demurrer.* — Where there are exceptions in the statute of limitations, a demurrer will not lie to a complaint unless it appears that the case is not within any of of the exceptions.

JURISDICTION.—*Allegation of Jurisdictional Facts.*—Where the court in which an action is brought is one of general jurisdiction, it is unnecessary to allege jurisdictional facts.

BILL OF EXCEPTIONS.—*Date of Presentation.— Where Must Appear.— Endorsement.*—The date of the presentation of a bill of exceptions must appear in the bill itself, and not by way of endorsement.

PRACTICE.—*Question upon Instruction.—How Must be Presented.*—Where a party desires to present a question on instructions to be considered by the Supreme Court without the evidence, section 630 of the statute, or rule 30, must be followed in making up the record.

Shewalter *v.* Bergman.

EVIDENCE.—*Competent and Incompetent.*—*Mingling of.*—A party who mingles competent with incompetent evidence can not complain if the whole offer is rejected. A party must, in offering evidence, separate the competent from the incompetent, and offer only the former, for he has no right to impose that duty on the court.

SEDUCTION.—*Means Employed.*—*Promise of Marriage.*—*Reliance upon.*—*Pleading.*—Where a complaint for seduction, in stating the means used by the defendant to accomplish his purpose, alleges that one of the promises made by him was that he would marry the plaintiff, it is sufficient without averring that the plaintiff relied upon the promise.

SAME.—*Reputation of Plaintiff.*—*Evidence.*—In an action for seduction, evidence tending to prove that after the seduction of the plaintiff her reputation was bad, is inadmissible.

SAME.—*Intimacy between Plaintiff and Defendant.*—*Evidence.*—In such action it is competent to permit the plaintiff to prove the intimacy of the defendant with her, and to show his general line of conduct. This is true, even though several acts of sexual intercourse are shown to have taken place.

SAME.—*Defendant's Financial Standing.*—*Evidence.*—In an action by a woman for her own seduction, it is proper to give evidence of the financial standing of the defendant.

From the Jay Circuit Court.

*T. Bosworth, O. H. Adair, C. Corwin, J. M. Smith* and *F. H. Snyder*, for appellant.

*W. A. Thompson, J. W. Thompson, A. O. Marsh, T. Bailey* and *C. E. Walters*, for appellee.

ELLIOTT, J.—The appellee prosecutes this action to recover damages for her own seduction.

The appellant insists that the complaint, on its face, shows that the action is barred by the statute of limitations, and is therefore bad. If it were conceded that the appellant's construction of the complaint is correct, still, the conclusion which he deduces would not follow. Where there are exceptions in the statute of limitations a demurrer will not lie to a complaint unless it appears that the case is not within any of the exceptions. *Dunn* v. *Tousey*, 80 Ind. 288, and cases cited; *Devor* v. *Rerick*, 87 Ind. 337; *State, ex rel.,* v. *Younts*, 89 Ind. 313; *Newsom* v. *Board, etc.,* 92 Ind. 229; *Hogan* v. *Robinson*, 94 Ind. 138.

Our statute does contain exceptions; the complaint does not show that the case is not within them, and the point made by appellant can not be considered as effective.

Another objection urged is that the complaint does not show that the seduction was in this State. The answer to this objection is that the circuit court is a court of general jurisdiction, and the presumption is that it had jurisdiction of the case. *Bass Foundry, etc.,* v. *Board, etc.,* 115 Ind. 234; *Board, etc.,* v. *Leggett,* 115 Ind. 544; *Chapell* v. *Shuee,* 117 Ind. 481. Where the court in which an action is brought is one of general jurisdiction it is unnecessary to allege jurisdictional facts.

If a complaint for seduction, in stating the means used by the defendant to accomplish his purpose, alleges that one of the promises made by him was that he would marry the plaintiff, it is sufficient without averring that the plaintiff relied upon the promise. *Rees* v. *Cupp,* 59 Ind. 566; *Hart* v. *Walker,* 77 Ind. 331; *Hodges* v. *Bales,* 102 Ind. 494; *McCoy* v. *Trucks,* 121 Ind. 292.

The appellant's motion for a new trial was overruled on the 1st day of April, 1887, and he was allowed fifty days in which to file his bill of exceptions. The general bill of exceptions was signed by the judge who tried the case on the 14th day of June, and this was after the expiration of the time allowed by the court. The date of the presentation of the bill must appear in the bill itself, and not by way of endorsement, and as the date of presentation is not stated in the bill it can not be regarded as properly a part of the record. *Orton* v. *Tilden,* 110 Ind. 131; *Buchart* v. *Burger,* 115 Ind. 123. We can not, therefore, consider any questions which require an examination of all the evidence, or of other matters which are set forth in the paper purporting to be the general bill of exceptions.

There are several special bills of exceptions in the record that were signed and filed in proper time, but these present no questions on the instructions. If the record had been

made up under section 630 of the code, or under rule 30 of this court, we should be able to consider questions on the instructions without the evidence, but this course was not pursued, and we can not consider the questions sought to be made on the rulings on the instructions given and refused. As we have repeatedly said, we should be glad to encourage a practice that will dispense with the necessity of encumbering the record with the evidence when only questions of law are presented. *Jones* v. *Foley,* 121 Ind. 180; *McCoy* v. *Trucks, supra;* *Mercer* v. *Corbin,* 117 Ind. 450.

Much as we desire to relieve parties of the needless expense of incorporating all the evidence in the record, we can not do so when they elect to pursue a different course from that pointed out in the statute and rule to which we have referred. Where a party desires to present a case under section 630 of the statute and rule 30 of this court, he must pursue the course therein indicated, and if he pursues a different course we must apply the appropriate rules, much as we should prefer to have the questions presented in a simpler, clearer, and less expensive mode.

Granting, without deciding, that the special bills of exceptions are sufficient to present some of the questions arising on the rulings in admitting and excluding evidence we shall decide those questions, but to do this we shall be compelled, perhaps, to give the appellant the benefit of a more liberal ruling than he is of right entitled to receive.

We have no doubt that the court did right in excluding evidence tending to prove that after the seduction of the plaintiff her reputation was bad. If the plaintiff's reputation was good at the time she yielded to the embraces of the defendant, her subsequent downfall can not affect her right to recover. Her subsequent conduct does not tend to prove that when the defendant seduced her she was not a chaste woman. Her ruined reputation, if it followed the seduction, may well be attributed to the defendant's own wrong, and of that wrong he can not take advantage. The person who

Shewalter *v.* Bergman.

causes the bad reputation of another can take no benefit from his wrongful act. *Binford* v. *Young,* 115 Ind. 174.

It is competent in an action for seduction to permit the plaintiff to prove the intimacy of the defendant with her, and to show his general line of conduct. This is true, even though several acts of sexual intercourse are shown to have taken place. *McCoy* v. *Trucks, supra; Threadgool* v. *Litogat,* 22 Mich. 271; *Clark* v. *Fitch,* 20 Am. Dec. 639; *Bracy* v. *Kibbe,* 31 Barb. 273; *Brown* v. *Kingsley,* 38 Iowa, 220; *Conway* v. *Nicol,* 34 Iowa, 533; *Thompson* v. *Clendening,* 1 Head, 287; *State* v. *Markins,* 95 Ind. 464.

In an action by a woman for her own seduction, it is proper to give evidence of the financial standing of the defendant. *Wilson* v. *Shepler,* 86 Ind. 275; *Clem* v. *Holmes,* 33 Gratt. 722; *Bennett* v. *Beam,* 42 Mich. 346 (36 Am. R. 442, and note).

A party who mingles competent with incompetent evidence has no just reason to complain if the whole offer is rejected. It is uniformly held by our own court, as well as by other courts, that a party must, in offering evidence, separate the competent from the incompetent and offer only the former, for he has no right to impose that duty upon the court. *Cuthrell* v. *Cuthrell,* 101 Ind. 375; *Sohn* v. *Jervis,* 101 Ind. 578; *Over* v. *Schiffling,* 102 Ind. 191; *City of Terre Haute* v. *Hudnut,* 112 Ind. 542, and cases cited; *Pape* v. *Wright,* 116 Ind. 502; *Jones* v. *State,* 118 Ind. 39; *St. Louis, etc., R. W. Co.* v. *Hendricks,* 48 Ark. 177 (3 Am. St. R. 220).

We have examined all, and probably more than all, of the questions which the most liberal view of the record entitles the appellant to ask us to examine, and we find no error warranting a reversal of the judgment.

Judgment affirmed.

Filed Feb. 4, 1890; petition for a rehearing overruled April 5, 1890.