Filed April 3, 1891.

---

No. 50.

### Sexson *v.* Hoover.

Appellate Court.—*Instructions Given and Refused.—Review of.—Record.—Signature of Judge.*—Where instructions given by the court are copied into the transcript, but do not appear to have been signed by the judge, filed, or made part of the record by an order of court, and are not inserted in the bill of exceptions, the Appellate Court will not consider questions arising upon the instructions given, or upon the refusal of the court to give instructions requested.

MALICIOUS PROSECUTION.—*Damages, Punitive and Compensatory.*—In an action for malicious prosecution it is within the discretion of the jury, under proper instructions, to award both punitive and compensatory damages.

SAME.—*Defendant's Financial Condition.*—*Evidence.*—In such action evidence as to the defendant's financial condition is admissible.

SAME.—*Evidence.*—*Cross-Examination.*—The admission of such evidence on cross-examination, although not referred to in the direct examination, is not reversible error.

From the Greene Circuit Court.

*A. G. Cavins, E. H. C. Cavins, W. L. Cavins, J. D. Alexander* and *H. W. Letsinger,* for appellant.

*W. W. Moffett* and *C. E. Davis,* for appellee.

CRUMPACKER, J. — The appellee recovered judgment against the appellant, in the court below, upon a complaint for malicious prosecution.

The evidence is in the record, and it is conflicting upon the essential questions in issue, and is of such a character that differently constituted minds might reasonably draw different inferences from it upon the questions involved, including those of " malice " and " probable cause ;" consequently the questions of fact were peculiarly within the province of the jury, under proper instructions from the court. This being the case, we are not warranted in disturbing the verdict upon the weight of the evidence.

The clerk copied in the transcript what purports to be the instructions given by the court, but they do not appear to have been signed by the judge, filed, or made part of the record by an order of court, nor are they brought into the record by bill of exceptions ; consequently we can not consider the questions discussed relative to the instructions given. And those given not being properly in the record, it is a well settled rule of the Supreme Court to decline to decide any question arising upon the refusal of the court to give instructions requested.

Upon the trial the appellee was permitted, over objections,

to introduce evidence showing the appellant's financial condition, and complaint is made of this.

In actions where the jury would be authorized in awarding compensatory damages only, ordinarily, evidence of the pecuniary condition of the defendant would be grossly improper.

In suits for damages resulting from malicious prosecutions, however, inasmuch as the wrong-doer is not amenable to the penal laws of the State, it is within the discretion of the jury, under proper instructions, to award damages by way of punishment, in addition to compensation for the injuries sustained.

It seems to be the policy of the law to authorize the infliction of punitive damages upon the defendant in all cases for malicious *torts* which are not punishable by the State. While much might be said in condemnation of the policy that authorizes the merging of the rights of the public into those of the individual, and permits penalties to be recovered in private suits, its virtues are discovered in its salutary effect upon society, and it is now the settled law of this State, supported by generations of judicial wisdom. *Lytton* v. *Baird*, 95 Ind. 349; *Farman* v. *Lauman*, 73 Ind. 568; *Meyer* v. *Bohlfing*, 44 Ind. 238; *Taber* v. *Hutson*, 5 Ind. 322.

Evidence of the pecuniary condition of the defendant has been held admissible by a majority of the courts of last resort in this country, in suits for malicious prosecution, and in cases involving analogous questions; but the reasons given therefor by the various courts are not uniform. Some hold that such evidence is admissible, upon the theory that it tends to prove a wide range of influence upon the part of the defendant, and that a slander published or a criminal charge falsely and maliciously preferred by one with a large social and financial influence would likely inflict a more serious injury than if published or preferred by one whose influence was less extensive. While, upon the other hand, it is held by

many courts that this kind of evidence is admissible only in cases where punitive damages may be assessed, and upon the theory that the imposition of a pecuniary penalty against one of limited means might be oppressive, while if the same amount was assessed against one possessed of large wealth it would be but lightly felt, and the stern vengeance of the law would be practically lost. So the jury should be advised of the condition of the fleece borne by the lamb, and temper the wind accordingly.

A considerable number of reputable authorities deny the competency of such evidence in all cases except where some essential right of the plaintiff may be involved in the defendant's financial circumstances.

A large majority of the best considered cases, however, are in favor of its competency upon the one theory or the other. In the following cases it was decided to be competent in malicious prosecution suits: *Johnson* v. *Smith,* 64 Me. 553 ; *Humphries* v. *Parker,* 52 Me. 502 ; *Winn* v. *Peckham,* 42 Wis. 493 ; *Whitfield* v. *Westbrook,* 40 Miss. 311 ; *Peck* v. *Small,* 35 Minn. 465 ; *Coleman* v. *Allen,* 79 Ga. 637 ; *Weaver* v. *Page,* 6 Cal. 681 ; *Bump* v. *Betts,* 23 Wend. 85. See, also, Abbott Trial Evidence, p. 654 ; Sedgwick Damages, p. 38.

Suits for malicious prosecution, in so far as the measure of damages is concerned, are closely analogous in principle to suits for seduction and slander, and in the latter classes of cases proof of the defendant's financial standing has been held competent in the following cases : *Brown* v. *Barnes,* 39 Mich. 211 ; *Haynor* v. *Cowden,* 27 Ohio St. 292 ; *Bennett* v. *Hyde,* 6 Conn. 24 ; *Buckley* v. *Knapp,* 48 Mo. 152 ; *Hosley* v. *Brooks,* 20 Ill. 116 ; *Karney* v. *Paisley,* 13 Iowa, 89 ; *Clem* v. *Holmes,* 33 Gratt. 722 ; *Lavery* v. *Crooke,* 52 Wis. 612 ; *Wilson* v. *Shepler,* 86 Ind. 275 ; *Shewalter* v. *Bergman,* 123 Ind. 155.

In harmony with this array of authorities we are constrained to hold that the trial court committed no error in admitting the evidence.

The Jeffersonville, Madison and Indianapolis R. R. Co. *et al. v.* Peters.

The evidence was elicited from the appellant upon his cross-examination, and his counsel make the objection that it was not proper, because the subject had not been inquired into in the examination in chief. This ground of objection was not stated in the court below, therefore it can not be considered on appeal. Besides, it is rarely held reversible error to admit competent evidence upon cross-examination, though in violation of the usual rules governing the examination of witnesses. A wide discretion is accorded to trial courts upon such questions, and it is only in instances showing a wanton or reckless abuse of this discretion that appellate courts feel justified in interfering.

The damages were assessed by the jury at $400, and, considering the circumstances of the case, and the fact that the jury was not limited to mere compensation for the injury, we do not deem the assessment excessive.

The judgment is affirmed, with costs.

Filed April 3, 1891. ·