[L. A. No. 442. Department One.—May 31, 1898.]

## T. M. CLARK et al., Respondents, v. W. P. NORDHOLT, Appellant.

MALICIOUS PROSECUTION—ATTACHMENT WITHOUT PROBABLE CAUSE—PLEADING. The complaint in an action for the malicious prosecution of another action by the defendant for more than two thousand dollars, in which the property of the plaintiff had been attached, which alleges that in instituting the action and securing the writ of attachment, and in having it levied, the defendant acted maliciously and without probable cause, and that the defendants were not indebted to plaintiff in any amount exceeding fifteen dollars, which they had tendered to him and had always been ready and willing to pay, which was well known to defendant, who had refused to accept that amount, sufficiently shows a want of probable cause.

ID.—MALICIOUS ATTACHMENT FOR MORE THAN IS DUE.—If a person having a good cause of action against another willfully sues for a much greater amount than is due and attaches the property of the other, and puts him to charges, he is liable therefor in an action for malicious prosecution.

ID.—JUDGMENT IN ATTACHMENT SUIT—PLEADING—CONSTRUCTION OF CODE.— Section 456 of the Code of Civil Procedure, relating to the manner of pleading judgments, is not applicable to causes litigated and decided in courts of general jurisdiction; and the judgment rendered in the attachment suit in the superior court need not be pleaded in the manner indicated by that section.

FRIVOLOUS APPEAL—DAMAGES.—When an appeal is manifestly frivolous, damages will be added upon affirmance of the judgment as a penalty for the delay.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Lucien Shaw, Judge.

The facts are stated in the opinion of the court.

Edgerton & Hickcox, for Appellant.

Murphy & Gottschalk, for Respondents.

GAROUTTE, J.—The only question presented by this appeal relates to the sufficiency of the complaint to support the judgment.   The action is one of malicious prosecution.   It arises from a suit brought by defendant against plaintiffs upon an alleged indebtedness of two thousand and thirty dollars, the issuance of a writ of attachment therein, and a levy upon these plaintiffs' goods to satisfy that demand.   This defendant recovered a judgment in that action in the sum of fifteen dollars.   A general demurrer raises the question involved.

It is claimed by appellant: 1. The first count of the complaint shows there was probable cause for the action; 2. The second count of the complaint shows there was probable cause for the action; 3. The first count of the complaint does not show that the action has been legally and finally determined in favor of respondents.   As to subdivision 1 the complaint alleges: "That in instituting said action, and in securing said writ of attachment, and in having the attachment levied as hereinafter stated, the said Nordholt acted maliciously and without probable cause, and that these plaintiffs were not indebted to him in said amount of two thousand and thirty dollars, or any other amount, excepting the sum of fifteen dollars, which they had tendered to him and had always been ready and willing to pay, which was well known to said Nordholt, and the acceptance of which amount he had refused."   This allegation of the complaint shows a want of probable cause.

As to subdivision 2, it is claimed that the allegation of the complaint as to the rendition of a judgment for fifteen dollars in favor of plaintiff conclusively shows probable cause in the bringing of the action by Nordholt.   This count of the complaint also alleged "that in instituting said action, and procuring said writ of attachment, and in having said attachment levied as hereinafter stated, the said defendant Nordholt acted maliciously, and

without probable cause." It follows there is nothing in this contention. "If a person having a good cause of action against another willfully sue for a much greater amount than is due, and attach the property of the other, and put him to charges, he is liable." (*Weaver v. Page*, 6 Cal. 681.)

As to subdivision 3, it is claimed that the judgment in the prior action should have been pleaded, either by setting out the jurisdictional facts upon which it rested, or by alleging that it was "duly given and made." Section 456 of the Code of Civil Procedure, relating to the manner of pleading judgments, is not applicable to causes litigated and decided in courts of general jurisdiction. (*Weller v. Dickinson*, 93 Cal. 108; *Edwards v. Hellings*, 99 Cal. 214; *Rowe v. Blake*, 112 Cal. 644.)

This is a frivolous appeal.

The judgment is affirmed and fifty dollars damages added as a penalty.

Van Fleet, J., and Harrison, J., concurred.