[Civ. No. 5535. First Appellate District, Division Two.—August 18, 1926.]

M. L. HARRIS, Appellant, v. T. D. HARTER et al., Respondents.

[1] MALICIOUS PROSECUTION — WRONGFUL ATTACHMENT — EXCESSIVE LEVY—EVIDENCE.—In this action for damages for alleged wrongful attachment, plaintiff (the attachment debtor) having at all times conceded that he owed a small balance, which was due and payable, and his testimony having shown that, at the instance of defendants (the attachment creditors), the sheriff levied an attachment on his place of business, taking possession of his entire stock of woolen goods, machinery, and general equipment

for carrying on a tailoring business, an important issue in the case was whether or not the attachment was grossly excessive, and the trial court should have overruled defendants' objection to a question asked plaintiff for the purpose of showing the value of the property levied upon.

[2] ID.—NONSUIT — EVIDENCE — ADMISSIONS—INFERENCES.—A motion for a nonsuit admits the truth of plaintiff's evidence and every inference of fact that can be legitimately drawn therefrom; and in this action for damages for alleged wrongful attachment, the court could properly infer that plaintiff had in his place of business valuable property and that at the time of the attachment he had properties there approximating in value the amount of the excessive levy.

[3] ID. — EXCESSIVE DEMAND — WRONGFUL ATTACHMENT. — Ordinarily, the rule permitting an action for malicious prosecution applies with equal force where there was no debt and where the debt was for a sum much less than the sum demanded, although it has been held that the action will not lie when the attachment is founded on a just claim, although smaller than that for which the suit was brought, and the property attached was of no greater value than the amount of the claim.

(1) 38 C. J., p. 481, n. 54, p. 485, n. 1.    (2) 38 Cyc., p. 1551, n. 62, p. 1553, n. 90.    (3) 6 C. J., p. 498, n. 4, p. 499, n. 10, 11; 38 C. J., p. 391, n. 38, 39.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge. Reversed.

The facts are stated in the opinion of the court.

Joseph C. Meyerstein for Appellant.

Dudley D. Sales for Respondents.

STURTEVANT, J.—The plaintiff commenced an action to recover damages for an alleged wrongful attachment. The defendants answered and the case was tried before the court sitting without a jury. When the plaintiff had finished introducing his case and rested the defendants made a motion that the trial court order a nonsuit. The motion was

2.  See 9 Cal. Jur. 551.
3.  See 3 Cal. Jur. 553.

granted. From the judgment entered thereon the plaintiff has appealed and has brought up a bill of exceptions.

In his complaint the plaintiff alleged that John B. Ellison & Sons of Philadelphia were doing business in San Francisco; that T. D. Harter and F. A. Perrigo, copartners, were doing business in San Francisco; that on the second day of September, 1921, the defendants John B. Ellison & Sons and the copartnership Harter & Perrigo commenced an action in the superior court against M. L. Harris upon an alleged account for goods sold and delivered, claiming $2,263.01; that thereupon defendants took out a writ of attachment for the sum alleged to be due and caused said writ to be levied September 3, 1921, on the furniture, equipment, fixtures, and goods in plaintiff's place of business in Oakland; that the sheriff retained possession thereof until the said M. L. Harris furnished a bond to secure the release of said property and which bond was furnished on the said third day of September, 1921; that on the thirtieth day of September, 1921, for the sum of $1,986.99 the attaching creditors caused said action to be dismissed and the writ of attachment to be released and discharged; that on the second day of September, 1921, M. L. Harris was indebted to John B. Ellison & Sons in of the sum of $1,970.34 and no more, " . . . but that only the sum of $441.51 of said sum was due or owing when said action was commenced and said attachment was levied upon the goods and material . . . " of M. L. Harris; that the said M. L. Harris was ready, able, and willing to pay, at the time said attachment was issued and levied, the sum of $441.51; that said action was commenced and the writ of attachment was caused to be issued "maliciously and without probable or any cause therefor and for the purpose of harassing and annoying plaintiff herein and to put him to great trouble and expense and in causing said writ of attachment to be issued and levied the defendants and each of them were guilty of oppression and malice"; that the plaintiff was damaged in the sum of $25,000.

That the plaintiff introduced some evidence tending to prove each and every allegation contained in his complaint is not disputed. In that behalf the plaintiff testified that for twelve years he had been engaged in the tailoring business in Oakland and had purchased woolen goods from John B. Ellison & Sons through Harter & Perrigo, who repre-

sented in California the Philadelphia house; that on the seventeenth day of August, 1921, he purchased from Harter & Perrigo a bill of goods amounting to six hundred and sixty-odd dollars, on which purchase he was given a credit of thirty days; that on the twenty-ninth day of August, 1921, he purchased goods in the sum of $1,186.78 on an invoice dated September 1, 1921, and Harter & Perrigo gave a credit thereon of sixty days. In other words, it was the contention of the plaintiff that at the time the attachment was levied, although he owed Harter & Perrigo, as the representatives of the Philadelphia house, the amount so owing was not due and payable by reason of the credits which the vendors had extended.

As a part of his direct examination the plaintiff further testified that on the thirtieth day of September, 1921, he paid Harter & Perrigo $1,986.99, said amount being the actual balance due on the account, and $166.65 costs of suit.

The plaintiff further testified that on the second day of September, 1921, he had prepared to carry on a campaign of sales "of Martin's at $65 in Oakland." That in the morning of that day Mr. Harter called him on the telephone. "He informed me that he understood that I was putting on a sale of Martin's at $65.00 in Oakland. I said, 'Yes, what about it?' He said, 'I don't want you to do it.' I said, 'I don't see where you have any right to tell me what I should or should not do, as long as I pay you for your merchandise.' He said, 'I won't have you do it.' I said, 'Well, it is going on just the same.' He said, 'If you put on that sale I will attach you.' I said, 'Then you are going to attach me, Mr. Harter, because I am selling Martin's at $65.00.' He said, 'Yes.' I said, 'If you are going to attach me because you want your money, send somebody over to check up with me, and your money is ready.' He said, 'I don't want the money, I want that sale off.' I said, 'It was going on just the same.' "

[1] During the presentation of his case the plaintiff had testified that on the third day of September, 1921, the sheriff levied an attachment on his place of business, taking possession of the plaintiff's stock of woolen goods, machinery, and general equipment for carrying on a tailoring business. He was then asked, "What was the value of the stock of merchandise, goods, etc., that you had there at that time?"

79 Cal. App.—13

The defendants objected on the ground that it was incompetent, irrelevant, and immaterial and not in response to any issue. The court sustained the objection. The objection should have been overruled. An important issue in the case was whether or not the attachment was grossly excessive. It will be noted that Mr. Harris at all times conceded that he owed $441.51 which was due and payable. An attachment in the sum would not have been a wrongful attachment. (*Grant* v. *Moore*, 29 Cal. 644, 656.) For the purpose of ascertaining whether in the instant case the levy was excessive it was material to know what was the value of the property levied upon.

The only other question involved on the appeal is this: the respondents contend that in an action for malicious prosecution the plaintiff must show that the former action terminated favorably to the defendant. In this connection they point to the record that the former action was terminated by the judgment debtor paying $1,986.99. Thereupon respondents cite and rely upon *Grant* v. *Moore, supra*. But that case is readily distinguishable in its facts. It appears in that case that the attachment creditor had attached a safe belonging to the judgment debtor. It does not appear whether the safe had anything in it. The court remarked that there was no evidence showing that the property belonging to the debtor which was attached exceeded in value the amount which it was later ascertained was owing, $339.08. Whereas, in the instant case, the respondents by their objection kept out of the record at least some of the evidence regarding the value of the property attached. **[2]** However, as we are dealing with a motion for a nonsuit made at the end of the plaintiff's case, that motion admits the truth of the plaintiff's evidence and every inference of fact that can be legitimately drawn therefrom. (*Hoff* v. *Los Angeles Pacific Co.*, 158 Cal. 596, 599 [112 Pac. 53].) We may properly infer, therefore, that on the twenty-ninth day of August, 1921, the debtor had in his place of business valuable property and when he purchased upward of $1,600 in goods that he installed them in his place of business and that at the time of the attachment he had properties there approximately in the value of $2,263.01, the amount of the levy. Under these circumstances the appellant cites and relies on *Clark* v. *Nordholt*, 121 Cal. 26 [53 Pac. 400]. That

authority certainly sustains the appellant in his contention. [3] What we have said conforms to the general rule on the subject. In 38 C. J. 391, section 16, the author says: "Ordinarily, the rule permitting an action for malicious prosecution applies with equal force where there was no debt and where the debt was for a sum much less than the sum demanded, although it has been held that the action will not lie when the attachment is founded on a just claim, although smaller than that for which the suit was brought when the property attached was of no greater value than the amount of the claim."

Because of the errors mentioned the judgment is reversed.

Langdon, P. J., and Nourse, J., concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 14, 1926.