[No. B149046. Second Dist., Div. Seven. Mar. 20, 2002.]

TED L. VANZANT, Plaintiff and Appellant, v.
DAIMLERCHRYSLER CORPORATION et al., Defendants and
Respondents.

## COUNSEL

Ted L. Vanzant, in pro. per., for Plaintiff and Appellant.

Bryan Cave and Sheldon Eisenberg for Defendants and Respondents.

## OPINION

**WOODS, J.**—Ted L. Vanzant asserts the trial court erred in sustaining respondents' demurrer on Vanzant's complaint for malicious prosecution. The trial court concluded the complaint was barred because as a matter of law Vanzant could not demonstrate respondents lacked "probable cause" to prosecute the underlying action. As explained, we concur with the trial court's conclusion, and therefore affirm.

### FACTUAL AND PROCEDURAL HISTORY

*The Underlying Action.*

In 1993, Respondent DaimlerChrysler Corporation filed an action against Vanzant in the federal court alleging causes of action under federal law for trademark infringement and unfair competition and California law for unfair competition and dilution of trademark. DaimlerChrysler sought damages and a permanent injunction based on Vanzant's producing and selling radiator grille overlays[1] for DaimlerChrysler Jeep vehicles. DaimlerChrysler claimed Vanzant's radiator grille overlays violated DaimlerChrysler's registered trademarks for radiator grille designs. Vanzant filed a counterclaim seeking the cancellation of DaimlerChrysler's trademarks for the radiator grille design.

Vanzant filed a motion for summary judgment and DaimlerChrysler filed a cross-motion for summary judgment. In June 1993, the district court granted a partial summary judgment for DaimlerChrysler and a permanent injunction against Vanzant. The district court reserved the award of damages

---

[1] A "grille overlay" is a protective plastic cover that fits over the front grille of a vehicle.

and attorneys fees for subsequent proceedings. Thereafter, in August 1993 the district court denied Vanzant's motion for reconsideration. In December 1993, the district court issued a clarification order stating its prior June 1993 order had impliedly denied Vanzant's motion for summary judgment. Vanzant filed an appeal.

In 1997, the Ninth Circuit Court of Appeals reversed, concluding that although DaimlerChrysler's registration of its trademark for radiator grille designs gave it permanent presumptive protection against trademark infringement of its radiator grille design, such protection did not automatically extend to designs for other related products, such as radiator grille overlays. The Ninth Circuit found the issue of whether DaimlerChrysler's trademark for a grille design extended to a grille overlay was governed by the "related goods rule." The Ninth Circuit observed the district court had failed to consider the "related goods rule," and also noted DaimlerChrysler did not present evidence concerning the trademark's "non-functionality" and "secondary meaning" as required under the "related goods rule." Consequently, the Ninth Circuit remanded the matter to the trial court for further proceedings.

Two years later Vanzant moved for summary judgment. In September 1999, the district court granted Vanzant summary judgment on the trademark and unfair competition claims. Specifically, the district court concluded DaimlerChrysler had failed to present sufficient evidence to establish "secondary meaning." This notwithstanding, the district court denied Vanzant's summary judgment motion on the state law antidilution claim[2] and granted DaimlerChrysler summary judgment on Vanzant's counterclaims.

*The Present Action.*

In September 2000, Vanzant brought an action for malicious prosecution against DaimlerChrysler, various law firms and individual lawyers (collectively, respondents) who had previously represented DaimlerChrysler in connection with the underlying federal court action. Vanzant alleged, among other things, respondents "acted without probable cause in prosecuting the federal lawsuit."

Respondents filed a demurrer to the complaint, asserting the interim rulings in the federal action in DaimlerChrysler's favor (i.e., the district court's orders granting the motion for partial summary judgment, issuing a permanent injunction and denying Vanzant's motion for summary judgment on the antidilution claim) conclusively established as a matter of law respondents had "probable cause" in the underlying federal action, notwithstanding

---

[2]The antidilution claim was dismissed after a bench trial.

the subsequent reversal by the Ninth Circuit and Vanzant's ultimate success in the action. Vanzant responded that even if the district court's interim rulings established probable cause to *initiate* the action, *after* the Ninth Circuit reversed, respondents lacked probable cause to *continue* the action. The trial court disagreed, and sustained the demurrer without leave to amend.

Vanzant timely appeals.

## DISCUSSION

*The Court Properly Sustained the Demurrer.*

■ This court's task in reviewing a ruling on a demurrer is to determine whether the complaint states a cause of action. In making that determination, we treat the demurrer as admitting all material facts properly pleaded; we assume the factual allegations are true and give the complaint a reasonable interpretation by reading it as a whole and all its parts in their context. (*People ex rel. Lungren v. Superior Court* (1996) 14 Cal.4th 294, 300-301 [58 Cal.Rptr.2d 855, 926 P.2d 1042].) We do not, however, assume the truth of the contentions, deductions, or conclusions of fact or law. (*Ibid.*) When a demurrer is sustained, we decide whether the complaint states facts sufficient to constitute a cause of action. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) In addition, where, as here, when the demurrer is sustained without leave to amend, we must determine whether there is any reasonable possibility that the defect can be cured by amendment: if it can, the trial court has abused its discretion and we must reverse. Moreover, the plaintiff shoulders the burden to prove there is a reasonable possibility the defect can be cured by amendment. (*Ibid.*) With these principles in mind, we turn to the merits.

■ The tort of malicious prosecution recognizes the right of an individual to be free from unjustifiable litigation or criminal prosecution. The action is designed to compensate the wronged individual for damage to reputation and to reimburse him or her for the costs of defending against unwarranted legal claims. (*Cowles v. Carter* (1981) 115 Cal.App.3d 350, 354 [171 Cal.Rptr. 269].) Because malicious prosecution actions tend to have a "chilling effect" on an ordinary citizen's willingness to bring disputes to court, the action has traditionally been regarded with disfavor and the tort's elements have been strictly construed and carefully circumscribed. (*Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 872 [254 Cal.Rptr. 336, 765 P.2d 498].)

To prevail on a malicious prosecution claim, the plaintiff must demonstrate the following: the prior action (1) was commenced by or at the

direction of the defendant and was pursued to a legal termination in the plaintiff's favor; (2) was brought without probable cause; and (3) was initiated with malice. (*Sheldon Appel Co. v. Albert & Oliker, supra,* 47 Cal.3d at p. 871.)

■ This dispute centers on the "probable cause" element. Probable cause is a reasonable belief on the part of the instigator thereof, founded upon facts sufficiently strong to warrant a reasonable person in believing the truth of the charge. (*Cowles v. Carter, supra,* 115 Cal.App.3d at p. 355.) A plaintiff has probable cause to bring a civil suit if the claim is legally tenable. This issue is considered objectively, without regard to the mental state of the plaintiff or counsel; and the trial court determines as a question of law whether probable cause exists. (*Roberts v. Sentry Life Insurance* (1999) 76 Cal.App.4th 375, 382 [90 Cal.Rptr.2d 408].) Probable cause may be found even where a suit lacks merit. "Favorable termination of the suit often establishes lack of merit, yet the plaintiff in a malicious prosecution action must separately show lack of probable cause." (*Ibid.,* italics omitted; *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179] [an appeal simply without merit is not by definition frivolous or warrant sanctions].) Reasonable lawyers may differ as to the varying degrees of merit of cases. Probable cause exists unless all reasonable lawyers would agree the action is totally and completely devoid of merit. (*Roberts v. Sentry Life Insurance, supra,* 76 Cal.App.4th at p. 382 ["Suits which all reasonable lawyers agree totally lack merit—that is, those which lack probable cause—are the least meritorious of all meritless suits. Only this subgroup of meritless suits present no probable cause." (Italics omitted.)].)

■ Respondents assert the federal district court's interim orders granting the motion for partial summary judgment, issuing a permanent injunction and denying Vanzant's motion for summary judgment on the antidilution claim created a conclusive presumption respondents had "probable cause" to sue Vanzant. Consequently, respondents argue Vanzant's malicious prosecution claim fails as a matter of law because he cannot establish the lack of probable cause element. We agree.

■ Where a plaintiff in the underlying action obtains a favorable judgment on the merits, such ruling is, unless procured by fraud, conclusive proof the proceedings were prosecuted with probable cause, notwithstanding the fact the decision is reversed on appeal. (E.g., *Cowles v. Carter, supra,* 115 Cal.App.3d at p. 355, citing cases [demurrer proper in malicious prosecution action because plaintiff in underlying action prevailed on the merits after a fair adversary hearing, even though appellate court subsequently reversed].) Courts applying this precept, known as the "interim

adverse judgment" rule, reason success in the underlying action in the trial court (i.e., approval by the trier of fact after a full and fair evidentiary hearing) sufficiently demonstrates the action was legally tenable, that is, the case is "not among the least meritorious of meritless suits." (*Roberts v. Sentry Life Insurance, supra,* 76 Cal.App.4th at p. 383.) The rule is based on the notion "that persons who initiate civil proceedings should not thereafter be subjected to malicious prosecution litigation unless it could be shown that they acted without probable cause—and that if probable cause had been determined by the trier of fact in the prior proceedings, it was not subject to reevaluation even when the [trier of fact's] determination was reversed." (*Hufstedler, Kaus & Ettinger v. Superior Court* (1996) 42 Cal.App.4th 55, 65 [49 Cal.Rptr.2d 551].)

■ On the record before us, it appears Vanzant was afforded a fair opportunity to fully litigate and present his arguments in the federal district court in connection with the 1993 motions for summary judgment, the injunction, and the 1999 motion for summary judgment on the antidilution claim. Moreover, there is no indication these rulings were procured by fraud. As a result, notwithstanding the reversal by the Ninth Circuit, the interim orders and permanent injunction against Vanzant conclusively establish respondents had probable cause to assert DaimlerChrysler's claims against Vanzant. Consequently, the trial court properly sustained respondents' demurrer.

Vanzant concedes the interim adverse judgment rule shields respondents from liability for *initiating* the underlying action. Nonetheless, Vanzant posits respondents' conduct in *continuing* the litigation *after* the Ninth Circuit's reversal gives rise to a malicious prosecution claim. In other words, Vanzant claims when DaimlerChrysler lost on appeal, respondents also lost probable cause to pursue the action post appeal.

■ California courts have typically refused to permit malicious prosecution claims where, as here, the claim is based on the continuation of a properly initiated existing proceeding. (See *Coleman v. Gulf Ins. Group* (1986) 41 Cal.3d 782, 794 [226 Cal.Rptr. 90, 718 P.2d 77, 62 A.L.R.4th 1083]; *Merlet v. Rizzo* (1998) 64 Cal.App.4th 53, 60 [75 Cal.Rptr.2d 83].)[3] "The reason the courts have held that a malicious prosecution action cannot

---

[3]We recognize the Restatement Second of Torts, section 674 offers a contrary approach. Section 674 provides: "One who takes an active part in the initiation, *continuation* or procurement of civil proceedings against another is subject to liability to the other for wrongful civil proceedings if [¶] (a) he acts without probable cause, and primarily for a purpose other than that of securing the proper adjudication of the claim in which the proceedings are based, and [¶] (b) except when they are ex parte, the proceedings have terminated in favor of the person against whom they are brought." (Rest.2d Torts, § 674, italics added.) We are aware of no California case adopting the Restatement position that the

be grounded upon actions taken within pending litigation is that permitting such a cause of action would disrupt the ongoing lawsuit by injecting tort claims against the parties' lawyers and because the appropriate remedy for actions taken within a lawsuit lies in the invocation of the court's broad powers to control judicial proceedings." (*Adams v. Superior Court* (1992) 2 Cal.App.4th 521, 528 [3 Cal.Rptr.2d 49].)

██ Here, the Ninth Circuit remanded the case to continue the original action (i.e., to require the district court to apply the "related goods rule" and afford DaimlerChrysler an opportunity to present evidence of secondary meaning and nonfunctionality). Vanzant does not, and in our view cannot, claim respondents' pursuit of the action after the Ninth Circuit's reversal is anything other than the continuation of the pending litigation; he does not claim respondents' postappeal action constituted a new or separate proceeding, independent of the original action. (*Merlet v. Rizzo, supra,* 64 Cal.App.4th at pp. 59-64 [to support a claim for malicious prosecution in the context of a ongoing litigation, the plaintiff must show the conduct forming the basis of the tort action is independent, separate and ancillary from the original ongoing lawsuit].) In short, because respondents' original action was supported by probable cause, then probable cause also existed for the continuation of the *same* action after reversal on appeal.[4]

On appeal, Vanzant offers no other possible theories to support his malicious prosecution claim. Likewise, based on our review of the record and the relevant law, we conclude there is no reasonable possibility Vanzant can cure the defect in his complaint by subsequent amendment. Consequently, the trial court did not abuse its discretion in sustaining the demurrer without leave to amend.

---

continuation of a properly initiated existing proceeding may support a claim for malicious prosecution.

[4]In reaching our conclusion, we observe Vanzant had recourse for the offending conduct, that is, respondents' *continuation* of the lawsuit after the Ninth Circuit's reversal. *Adams* and *Sheldon Appel Co.* suggest the appropriate remedy lay not in a malicious prosecution action, but instead in seeking sanctions in the underlying litigation. (*Sheldon Appel Co. v. Albert & Oliker, supra,* 47 Cal.3d at pp. 873-874; *Adams v. Superior Court, supra,* 2 Cal.App.4th at p. 528.) "[T]he better means of addressing the problem of unjustified litigation is through the adoption of measures facilitating the speedy resolution of the initial lawsuit and *authorizing the imposition of sanctions for frivolous or delaying conduct within that first action itself,* rather than through an expansion of the opportunities for initiating one or more additional rounds of malicious prosecution litigation after the first action has been concluded." (*Sheldon Appel Co. v. Albert & Oliker, supra,* 47 Cal.3d at p. 873, italics added.) To that end, in the underlying federal court action Vanzant could have sought sanctions under Federal Rules of Civil Procedure, rule 11 (28 U.S.C.) for respondents' alleged frivolous continuation of litigation. (See *ibid.; Townsend v. Holman Consulting Corp.* (9th Cir. 1990) 929 F.2d 1358 [rule 11 sanctions available for conduct throughout the litigation].)

## DISPOSITION

The judgment is affirmed. Respondents are entitled to costs on appeal.

Lillie, P. J., and Perluss, J., concurred.