MEMORANDUM ***
Stephen Yagman and his law firm, Yagman & Yagman & Reichmann, appeal the district court’s denial of their motion for attorney fees and sanctions against Michael Colello. The firm also appeals the district court’s dismissal of its malicious prosecution action against Colello. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
Whether or not Colello’s removal of the action against him was improper, it did not mandate sanctions under Rule 11 of the Federal Rules of Civil Procedure, the court’s inherent sanctioning power, or 28 U.S.C. § 1927. Colello based his arguments on reasonable factual investigations and plausible interpretations of the law. His conduct lacked the objective unreasonableness necessary for Rule 11 sanctions. See Chambers v. NASCO, Inc., 501 U.S. 32, 47, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); G.C. & K.B. Invs., Inc. v. Wilson, 326 F.3d 1096, 1109 (9th Cir.2003). The district court reasonably found that Colello’s tactical motivation did not constitute the bad faith necessary for sanctions under the court’s inherent powers. See Fink v. Gomez, 239 F.3d 989, 992-93 (9th Cir.2001). The court supported this conclusion with a brief explanation. See Trulis v. Barton, 107 F.3d 685, 695-96 (9th Cir.1997). Colello did not act with the recklessness necessary for § 1927 sanctions in the absence of bad faith. See In re Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, 436 (9th Cir.1996); Estate of Blas v. Winkler, 792 F.2d 858, 860 (9th Cir.1986).
Yagman and his firm present no tenable argument in favor of reversing the district court’s denial of attorney fees pursuant to 28 U.S.C. § 1447(c).
The district court appropriately dismissed the malicious prosecution action against Colello. The removal proceedings initiated by Colello were not an “action” separate and distinct from the underlying lawsuit. See Merlet v. Rizzo, 64 Cal. App.4th 53, 75 Cal.Rptr.2d 83, 86 (1998) (“[Sjubsidiary procedural actions or purely *117 defensive actions cannot be the basis for malicious prosecution claims.”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.