Filed 2/3/16  Mitchell v. Schapiro-Thorn, Inc. CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MICHAEL MITCHELL et al.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>SCHAPIRO-THORN, INC. et al.,<br><br>    Defendants and Respondents. | A142337<br><br>(Alameda County<br>  Super. Ct. No. RG14717891) |

Plaintiffs Michael Mitchell, Sean Mitchell, and Anne-Marie Mitchell appeal from two orders, both dated June 3, 2014, which, in pertinent part, granted motions of defendants Schapiro-Thorn, Inc., Suzie Thorn, Wild, Carey & Fife, Paul D. Fife, and William M. Henley, to strike the complaint as a "strategic lawsuit against public participation" pursuant to Code of Civil Procedure[1] section 425.16 (hereafter also referred to as the anti-SLAPP statute).  We conclude defendants met their prima facie burden of showing that all of plaintiffs' causes of action arise out of defendants' protected activity in a judicial proceeding, and that plaintiffs failed to meet their burden of demonstrating a probability of prevailing on their causes of action.  Accordingly, we affirm.[2]

---

[1]     All further unspecified statutory references are to the Code of Civil Procedure.

[2]     In the June 3, 2014, order related to the anti-SLAPP motion filed by defendants Schapiro-Thorn, Inc. and Suzie Thorn, the superior court also awarded those defendants the sum of $3,000 for attorney fees and costs.  In their briefs, plaintiffs present no argument regarding the award of attorney fees and costs.  Because we conclude there is no basis to reverse that portion of the order granting the anti-SLAPP motion filed by

## FACTUAL AND PROCEDURAL BACKGROUND

Defendants Schapiro-Thorn, Inc. and Suzie Thorn (Schapiro-Thorn) represented Daniel Mitchell (Mitchell) in a marital dissolution proceeding in San Francisco (San Francisco litigation). When Mitchell failed to pay his attorney fees and costs, Schapiro-Thorn secured a money judgment against him on November 18, 2013 (San Francisco judgment). Mitchell filed a notice of appeal, but did not post a bond or otherwise seek to stay enforcement of the judgment in the trial court.

To enforce the San Francisco judgment, Schapiro-Thorn, represented by defendants Wild, Carey & Fife, Paul D. Fife and William M. Henley (Wild), arranged for the recording of an abstract of the San Francisco judgment in Alameda County. To facilitate the filing of a writ of execution, defendants obtained a "litigation guarantee" showing the ownership of certain property in Alameda County (Alameda County property). According to defendants, the Alameda County property was either owned by Mitchell, or, his transfer of the ownership to his three adult children, plaintiffs Michael Mitchell, Sean Mitchell, and Anne-Marie Mitchell, was a transfer in fraud of creditors. The San Francisco Superior Court clerk issued a Writ of Execution directed to the Alameda County Sheriff's Office, as the levying officer. The Alameda County Sheriff's Office mailed a Notice of Levy to Mitchell, and posted a Notice of Levy on the property addressed to "occupant," giving notice that the Alameda County property was "under levy and subject to public auction by the Alameda County Sheriff." In response to the Notices of Levy, plaintiff Sean Mitchell arranged for the filing and service of a third party claim of ownership and superior right to possession of the Alameda County property in the San Francisco Superior Court.

While the San Francisco judgment enforcement proceedings were ongoing, on March 14, 2014, plaintiffs filed the complaint in this case alleging seven causes of action: slander of title, cancellation of cloud on title, malicious prosecution, abuse of process, intentional interference with prospective economic advantage, negligent interference with

defendants Schapiro-Thorn, Inc. and Suzie Thorn, we also affirm that portion of the order awarding attorney fees and costs to those defendants.

prospective economic advantage, and general negligence. The gravamen of plaintiffs' complaint was that defendants' acts of arranging for the issuance of a writ of execution and notices of levy against the Alameda County property were wrongful because plaintiffs were the lawful owners of the Alameda County property and they were not named or joined as parties in the San Francisco litigation and did not otherwise owe any debt, either directly or indirectly, to Schapiro-Thorn.

Schapiro-Thorn and Wild separately filed special motions to strike plaintiffs' complaint pursuant to section 425.16. Plaintiffs opposed the motions. In separate orders, the superior court granted the special motions to strike, finding that defendants had met their burden of establishing that all designated causes of action were based on protected activity within the meaning of section 425.16, and that plaintiffs had failed to carry their burden of establishing a probability of prevailing on any of the designated causes of action. The court also awarded $3,000 in attorney fees and costs payable to Schapiro-Thorn. Plaintiffs' timely appeal ensued.

## DISCUSSION

It is by now well settled that "[r]esolution of an anti-SLAPP motion 'requires the court to engage in a two-step process. First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken "in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue,' as defined in the statute. (§ 425.16, subd. (b)(1).) If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim.' (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67 [(*Equilon*)].)" (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 733.) Although our review is de novo (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 325), as we now discuss, we agree with the superior court's dismissal of the plaintiffs' lawsuit.

**A.** **Defendants Met Their Burden Of Establishing The Complaint Is Based On Protected Activity**

We conclude that defendants satisfied their burden under the first prong of the section 425.16 analysis of demonstrating that "plaintiffs' action against [them] is based on [their] constitutional free speech and petitioning activity as defined in the anti-SLAPP statute." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 95 (*Navellier*).) Each of the designated causes of actions was based on "protected" activities taken to enforce the San Francisco judgment – specifically, "filing a declaration for a writ of attachment and recording a notice of levy under writ of execution" on the Alameda County property. (§ 425.16, subd. (e)(1), (2) [protecting "any written or oral statement or writing made before a . . . judicial proceeding" and "any written or oral statement of writing made in connection with an issue under consideration or review by a . . . judicial body . . . ."].)

Plaintiffs' argument that defendants cannot meet their burden under the first prong of the section 425.16 analysis because plaintiffs were not joined and none of them were parties in the San Francisco litigation is not persuasive. Section 425.16 permits a defendant to seek early dismissal of a complaint where the causes of action arise from "*any act of that person in furtherance of the person's right of petition or free speech* . . . ." (§ 425.16, subd. (b)(1), italics added.) " 'Considering the purpose of the [anti-SLAPP] provision, expressly stated, the nature or form of the action is not what is critical but rather that it is against a person who has exercised certain rights.' " (*Equilon, supra*, 29 Cal.4th at p. 60.) Here, all of the designated causes of action arise from defendants' attempts to enforce a judgment secured in the San Francisco litigation. "In fact, but for the [San Francisco] lawsuit and [defendants'] alleged actions taken in connection with that litigation, plaintiffs' present claims would have no basis. This [lawsuit] therefore falls squarely within the ambit of the anti-SLAPP statute's 'arising from' prong. (§ 425.16, subd. (b)(1).)" (*Navellier, supra,* 29 Cal.4th at p. 90.)

4

**B.      Plaintiffs Did Not Meet Their Burden of Establishing the Probability of Prevailing on Any Cause of Action in the Complaint**

We also conclude that plaintiffs failed to meet their burden under the second prong of the section 425.16 analysis of "establishing a probability of prevailing on their [causes of action].  (See generally *Equilon, supra*, 29 Cal.4th at p. 63.)"  (*Navellier, supra*, 29 Cal.4th at p. 95.)

The superior court initially found that the designated causes of action for slander of title, cancellation of cloud on title, abuse of process, intentional inference with prospective economic advantage, negligent interference with prospective economic advantage, and general negligence, were barred, as a matter of law, by the absolute litigation privilege of Civil Code section 47, subdivision (b), and as discussed in *Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1058, 1062-1063 (*Rusheen*) and *Silberg v. Anderson* (1990) 50 Cal.3d 205, 212.  Plaintiffs make no attempt to present a cogent argument, supported by citations to authority, demonstrating that the superior court erred in its application of the litigation privilege.  (*Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466, fn. 6 (*Reyes*) [even if appellate review "is de novo, it is limited to issues [that] have been adequately raised and supported in the plaintiffs' brief"].)  In all events, we conclude that except for the claim for malicious prosecution, the other designated causes of action were barred, as a matter of law, by the absolute litigation privilege embodied in Civil Code section 47, subdivision (b).  The causes of action subject to the litigation privilege indisputably arose from and seek to impose liability based on defendants' postjudgment enforcement proceedings, which were an extension of the San Francisco litigation and "necessarily related" to that litigation.  (*Rusheen, supra*, 37 Cal.4th at p. 1065 [acts necessary to enforce a court-ordered judgment and carry out the directive of a writ of execution were protected by the litigation privilege as communications in the course of a judicial proceeding]; see, also, *Merlet v. Rizzo* (1998) 64 Cal.App.4th 53, 57, 65 (*Merlet*) [litigation privilege barred abuse of process claim based on allegation that defendants acted improperly by applying for writ of sale to enforce a judgment to which plaintiff was not a party]; *Brown v. Kennard* (2001) 94 Cal.App.4th 40, 48-49 [litigation privilege

barred abuse of process claim based on allegations that defendants acted improperly by levying on "the exempt assets of a nonparty to an invalid judgment"].)  None of the cases cited by plaintiffs supports a contrary determination.

The superior court also found that the designated cause of action for malicious prosecution could not be sustained as a matter of law because "post-judgment enforcement actions taken as part of a lawsuit cannot form the basis for malicious prosecution claims," citing to *Adams v. Superior Court* (1992) 2 Cal.App.4th 521, 528 (*Adams*).  Again, plaintiffs fail to present a cogent argument, supported by citations to authority, demonstrating that the superior court erred in its ruling.  (*Reyes, supra,* 65 Cal.App.4th at p. 466, fn. 6 [even if appellate review "is de novo, it is limited to issues [that] have been adequately raised and supported in the plaintiffs' brief"].)  In all events, we conclude that the "tort of malicious prosecution requires the initiation of a full-blown action as well as its favorable termination for the malicious prosecution plaintiff," and therefore, "subsidiary procedural actions within a lawsuit . . . will not support a claim for malicious prosecution."  (*Adams, supra*, 2 Cal.App.4th at p. 528; see *Merlet, supra,* 64 Cal.App.4th at p. 63 [application for a writ of sale does not give rise to a malicious prosecution claim]; see also *Zamos v. Stroud* (2004) 32 Cal.4th 958, 969, fn. 8 ["subsidiary procedural actions cannot be the basis for malicious prosecution claims," citing to *Merlet*, *supra*, at p. 59 and *Adams, supra*, at p. 528].)  None of the cases cited by plaintiffs supports a contrary determination.

## DISPOSITION

The orders, filed on June 3, 2014, are affirmed.  Defendants are awarded costs on appeal.

_____
Jenkins, J.

We concur:

6

_____
Pollak, Acting P. J.


_____
Siggins, J.


*Michael Mitchell et al. v. Schapiro-Thorn, Inc. et al.*, A142337